**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re Peregrine Financial** | ) | Case No. 12 C 5546 |
| | ) | District Judge Sharon Johnson Coleman |
| **Customer Litigation** | ) | Magistrate Judge Daniel G. Martin |

### ORDER

Motion hearing held. Defendant U.S. Bank's motion for leave to depose Russell Wasendorf, Sr. [135] is granted. Plaintiffs' oral motion to depose Wasendorf is also granted. Movants' motion to compel [110] is denied without prejudice.

### STATEMENT

Before the Court is Defendant U.S. Bank's motion for leave to take the deposition of Russell Wasendorf, Sr. Mr. Wasendorf is currently incarcerated in Terre Haute, Indiana, and Rule 30(a)(2)(B) requires leave of court before his deposition can proceed. In May 2013, the Bankruptcy Court entered a stay on discovery in this class action suit. That stay is currently in place through October 14, 2013, though it has been extended on several occasions in the past. However, the Bankruptcy Court lifted the stay for the limited purpose of allowing Mr. Wasendorf's deposition to proceed.

The Bankruptcy Court currently has pending before it an adversary proceeding in which the Chapter 7 Trustee of Peregrine Financial Group ("PFG") is the Plaintiff. U.S. Bank is not a party to the adversary proceeding. On May 15, 2013, the Bankruptcy Court stated that the Defendants in the adversary proceeding, as well as U.S. Bank, "agreed to request an order from the District Court in the PFG Class Action permitting Plaintiff [the Trustee] to participate in such deposition and not object if Plaintiff elects to cross-notice

and conduct a Bankruptcy Rule 2004 examination." The Court notes that the Trustee is not a party to this class action.

At the hearing, U.S. Bank appeared to believe that its motion to depose Wasendorf included the participation of Plaintiffs and the Trustee. However, the motion only seeks leave for U.S. Bank itself, stating that the Trustee "intends to cross-notice an examination of Wasendorf." The Trustee appeared informally at the hearing, but no request was made by the Trustee or U.S. Bank. Plaintiffs asked to depose Wasendorf, and their oral motion was granted. The Court also indicated that it would allow the Trustee to participate in the deposition, but the request must be made in accordance with the Bankruptcy Court's ruling. As the stay has been lifted under the Bankruptcy Court's directive, this Court will follow the Bankruptcy Court's order with care. For the reasons discussed in open court, both Plaintiffs and U.S. Bank are each given seven hours in which to conduct their respective depositions. The Court indicated that the same time would be given to the Trustee for his deposition.

Plaintiffs asked the Court to postpone the deposition until discovery is re-opened and completed. In the alternative, Plaintiffs asked that they be allowed to follow through with a limited number of discovery inquiries. The Court declines to do so in light of the Bankruptcy Court's discovery stay. Plaintiffs also asked that U.S. Bank be required to identify all documents it intends to rely on for the deposition within sixty days of the examination. That request is denied. The Rules do not obligate parties to do so for a deposition, and requiring U.S. Bank to finalize its deposition preparations two months prior to the examination is unreasonable. U.S. Bank agreed at the hearing only to rely at the deposition on documents that have already been produced to Plaintiffs before the stay took

effect. As Plaintiffs have access to all the documents that U.S. Bank has bound itself to using, there is no need to place any further restrictions on the parties' use of those documents prior to their examination of Mr. Wasendorf.

Finally, various movants in this case earlier filed a motion to compel discovery [110]. In light of the discovery stay currently in place, that issue is currently moot. The motion is denied without prejudice. Movants may renew the motion if it is necessary once the Bankruptcy Court lifts the stay on discovery.

Date: 9/6/2013                                     _____
                                                                               United States Magistrate Judge