**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | )<br>)<br>) Civil Action No.: 12-cv-5546<br>)<br>) Judge Sara L. Ellis<br>)<br>) Magistrate Judge Daniel G. Martin<br>)<br>)<br>) |

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S
MOTION FOR AN ORDER SETTING CONDITIONS FOR A DEPOSITION**

U.S. Bank National Association ("U.S. Bank"), by its attorneys, hereby moves this Court to amend its September 6, 2013 Order granting permission for various parties to take the deposition of Russell R. Wasendorf, Sr. ("Wasendorf"), a person confined in prison, pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure. Specifically, U.S. Bank requests that this Court direct that the deposition of Wasendorf be taken before a court reporter using stenographic and videotape equipment, in a room of sufficient size to accommodate the in-person attendance of two attorneys for each party. In support of its motion, U.S. Bank states as follows:

1. On September 6, 2013, the Court granted U.S. Bank's motion and the oral motions of certain parties to take the deposition of Wasendorf pursuant to Rule 30(a)(2)(B). (Doc. No. 144.)

2. The Court granted each party seven hours to conduct their respective depositions of Wasendorf. (Id. at 2.)

3. On September 9, 2013, the Court granted J.P. Morgan Chase's (Doc. No. 147) and Russell R. Wasendorf, Jr.'s (Doc. No. 145) motions to take the deposition of Wasendorf, Sr. under the same conditions described in the Court's September 6th Order. (Doc. No. 150.)

4. Wasendorf pleaded guilty to charges of mail fraud, embezzlement of customer funds, false statements to the Commodity Futures Trading Commission, and false statements to a futures association. Wasendorf was committed to the custody of the United States Bureau of Prisons and currently is serving a fifty-year federal prison sentence at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute").

5. Counsel for U.S Bank have been in contact with USP Terre Haute penitentiary officials regarding the conditions under which Wasendorf's deposition may be taken. USP Terre Haute has presented the following conditions for an in-person deposition:

   a. In-person depositions may be taken only on Saturday, Sunday, or Monday between 8:00 a.m. and 3:00 p.m.;
   b. A court reporter may present for the deposition, but he or she could not bring any stenographic equipment, video, or audio recording device and instead would be required to handwrite the record; and
   c. The room available for the deposition would hold only four people, including Wasendorf.

(Email of Todd Jensen, Federal Bureau of Prisons (January 26, 2014) (Ex. 1).)

6. Alternatively, USP Terre Haute has indicated that a telephonic deposition may be conducted. USP Terre Haute has presented the following conditions for a deposition by teleconference:

   a. Teleconference depositions may be conducted any day Sunday through Thursday;
   b. The noticing party must initiate and provide access to a conference telephone line;
   c. Parties may send their exhibits to USP Terre Haute in advance of the deposition; and
   d. A prison official present in the conference room with Wasendorf would show each exhibit to the inmate when directed to do so.

(Email of Todd Jensen, Federal Bureau of Prisons (January 26, 2014) (Ex. 1).)

7. As set forth more fully below, neither option offered by USP Terre Haute is workable.

8. A telephone deposition of Wasendorf would be unworkable. Given the number of parties participating, it would be extremely difficult, if not impossible, for a court reporter to create an accurate record of the testimony and objections. In addition, given the likely number of potential exhibits in this case, it would be highly inefficient to rely upon prison officials to coordinate the use of exhibits during the deposition. *See United States v. Approximately $57,378 in United States Currency*, 2010 WL 4347889, at *1 (N.D. Cal. Oct. 27, 2010). Moreover, a telephone deposition is "meaningless" when it comes to evaluating the credibility of a witness. *Id.* at *1. To evaluate credibility, the examining lawyer needs an "in-person opportunity" to observe the witness's demeanor and facial expressions and ask follow-up questions. *Id.* at *1. This need is particularly great in the case of a witness, such as Wasendorf, who is an admitted fraudster and forger.

9. The conditions offered for an in-person deposition are also unworkable, both with respect to the number of attendees and the method of recording. Pen writing is not a method of recording permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(b)(3)(A). Even if a court reporter could be found who would be willing to perform the task, there would likely be a greater risk of errors and inconsistencies as compared to the methods of recording permitted by the Rules. To the extent that Wasendorf may be unavailable to testify in-person at trial, it is essential that the parties accurately preserve his deposition testimony.

10. The limitations imposed by USP Terre Haute do not appear to be mandated by prison regulations. For instance, pursuant to section O, part 3 of the USP Terre Haute Visiting Regulations, "the Warden may authorize the use of recording equipment, translator, stenographer or camera when requested." (Ex. 2 at 12).

11. Additionally, pursuant to section O, part 4 of the Visiting Regulations, "attorney visits may occur outside the normal visiting hours." (Ex. 2 at 12.) General visiting hours at USP Terre Haute are 8:00 a.m. to 3:00 p.m., Friday through Sunday. (Ex. 3 at 1.) There are no general visiting hours scheduled Monday through Thursday. Therefore, to accommodate the number of people who have sought to attend, Wasendorf's deposition could likely take place outside general visiting hours, Monday through Thursday.

12. Finally, larger rooms appear to be available for visitor use at USP Terre Haute. Pursuant to section O, part 2 of the Visiting Regulations, "[p]rivate areas for attorney/client visits are available in the Visiting Room." (Ex. 2 at 11.) It stands to reason that the entire Visiting Room could be made available for a deposition Monday through Thursday when no general visiting hours are scheduled.

13. Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, the Court may prescribe the method by which Wasendorf's deposition will be taken. The Court must consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

14. Federal courts in Illinois previously have ordered that prisoner depositions be recorded using stenographic and videotape equipment where the noticing party agrees to bear the costs of videotaping and transcribing the testimony. *See, e.g.*, *Henderson v. Bramlet*, 2012 WL 1679836, at *2 (S.D. Ill. 2012); *Lucien v. McLennand*, 95 F.R.D. 525, 526 (N.D. Ill. 1982).

15. A fair opportunity to examine Wasendorf, resulting in a fair, complete, and accurate record of his testimony, is essential to the development of the factual record in this case.

-5-

WHEREFORE, U.S. Bank National Association respectfully requests that this Court grant its motion for an Order setting conditions for a deposition, and direct that Wasendorf's deposition be taken before a court reporter using stenographic and videotape equipment in a room of sufficient size to accommodate the in-person attendance of two attorneys for each party.

Dated: February 21, 2014

                                            Respectfully submitted,

                                            U.S. BANK NATIONAL ASSOCIATION

                                            By    s/ *Peter W. Carter*
                                                         One of Its Attorneys

Peter W. Carter
Eric R. Sherman
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
(612) 340-2600

Steven A. Levy
Kenneth S. Ulrich
Kerry D. Nelson
GOLDBERG KOHN, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

-6-

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on February 21, 2014, he caused a true and correct copy of **DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR AN ORDER SETTING CONDITIONS FOR A DEPOSITION** to be served via the Court's ECF/electronic mailing system and via U.S. Mail to non-party recipients.

s/ *Peter W. Carter*