UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | Civil Action No. 12-cv-5546 <br><br> Judge Sara L. Ellis <br><br> Magistrate Judge Daniel G. Martin |

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND FOR CLASS CERTIFICATION
IN LIGHT OF SETTLEMENT**

Plaintiffs Brian Pannkuk, Jordan Robinson, J.D. Sailer, Joe Martano, Marcus Ibrahim, Mark Alexander, William Robert Evans, III, Kirk Houghton, Gurvaneet Randhawa, and Patricia Benvenuto, on behalf of themselves and others similarly situated, hereby move for preliminary approval of the proposed class-wide settlement (the "Settlement") with Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") and with Ira Bodenstein in his capacity as Chapter 7 Trustee for the estate of Peregrine Financial Group, Inc. ("PFG"). In support of their motion, Plaintiffs state as follows:

1. The proposed Settlement mutually resolves claims between Plaintiffs, JPMorgan, and the Trustee. Pursuant to its terms: JPMorgan will make a cash payment to the proposed Settlement Class of $1,250,000; JPMorgan will release to the Trustee approximately $16 million in "pooled funds" it is holding as security for its own claims against PFG; and in turn, the Trustee will distribute 67% of those funds, or roughly $10.7 million, to the Class. In total, the Class will receive approximately $12 million.

2. As explained in Plaintiffs' Memorandum of Law accompanying this Motion, which is incorporated herein by reference, the Settlement satisfies the applicable legal tests for

preliminary approval; the proposed Class satisfies the requirements of Federal Rule of Civil Procedure 23 for class certification; and the form and manner of notice are fair and reasonable.

3. The proposed Settlement is fair, reasonable, and well within the range of possible approval as per the factors courts in this Circuit have prescribed for considering preliminary approval.

   a. The approximately $12 million recovery for the Class is an excellent result in light of the strengths, weaknesses, and uncertainties of Plaintiffs' claims.

   b. The Settlement will spare Plaintiffs and the Class the time and expense of litigating this highly technical case against JPMorgan and will free Plaintiffs to focus on prosecuting their claims against U.S. Bank, the defendant they allege is more culpable.

   c. All 10 Plaintiffs support it, and the only objection raised thus far is a "partial objection" by the Forex Plaintiffs (not the 4d customers in the proposed Settlement Class) to preserve their rights in the bankruptcy case, which will ultimately be preserved even if the Settlement is consummated.

   d. Plaintiffs' counsel, who are highly experienced in class action and complex litigation, believe the Settlement is a favorable result for the Class.

   e. Counsel have adequate information to make a fully-informed assessment of the Settlement based on the briefing on JPMorgan's motion to dismiss and on counsel's extensive factual investigation.

      f.   The Settlement is the result of arms-length negotiation and does not unfairly favor Plaintiffs or Class Counsel.

4. All of the Rule 23 requirements for certifying the proposed Settlement Class are met here.

      a.   The proposed Class of over 14,000 PFG commodity trading customers is so numerous and dispersed throughout the country that joinder would be impracticable.

      b.   There are numerous factual and legal issues common to the Class, including the factual questions surrounding JPMorgan's alleged course of conduct involving PFG's customer-segregated accounts and the legal questions of the existence and nature of JPMorgan's contractual and fiduciary duties to Plaintiffs and the Class, if any.

      c.   Plaintiffs' claims are typical of those of the Class, as Plaintiffs and the Class all possess claims based on the same theories of breach of contract and fiduciary duty, and JPMorgan's alleged course of conduct with regard to their customer segregated accounts was the same for all Class members.

      d.   Plaintiffs and Class Counsel are adequate to represent the Class, as Plaintiffs have no conflicts of interest with any Class members and Counsel are highly experienced class action attorneys.

      e.   Common issues predominate over individualized issues (if any), because the central liability questions regarding JPMorgan's alleged duties to the Class and any breach of those duties are the same for all Class members and would be established at trial using common proof.

      f.   A class action is the superior means of resolving this litigation, which involves thousands of Class members, many of whose claims are relatively small compared to the costs of litigation.

5.     The proposed form and manner of providing Notice of class certification and the proposed Settlement are fair and adequate. The short-form and long-form Notices, attached to the Memorandum of Law as Exhibits 3 and 4, clearly explain the Settlement and inform potential Class members of their rights, including their right to opt out of the Settlement.[1] The manner of distributing notice, by mail and email (as described in paragraph 7 of the attached Proposed Preliminary Approval Order), represents the best means practicable.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order, substantially in the form attached to Plaintiffs' Memorandum of Law as Exhibit 1: (1) preliminarily approving the Settlement Agreement; and (2) preliminarily certifying the Settlement Class; 3) conditionally certifying Plaintiffs as Class representatives; (4) approving the proposed form and manner of notice, including the proposed notices attached as Exhibits 3 and 4, and (5) approving the Claim Form attached as Exhibit 5.

Dated: September 4, 2014

                          Respectfully submitted,

                          /s/ Michael Dell'Angelo
                          Merrill G. Davidoff
                          Michael C. Dell'Angelo
                          Jennifer MacNaughton
                          BERGER & MONTAGUE, P.C.
                          1622 Locust Street
                          Philadelphia, PA 19103

---

[1] Pursuant to the terms of the Settlement Agreement, JPMorgan shall have the right, but not the obligation, to withdraw from and terminate the Settlement in its entirety and to render the Settlement Agreement null and void in the event that certain opt-out thresholds are met (in terms of potential Settlement Class Members timely and validly excluding themselves from the Settlement).

Telephone: (215) 875-3000
Facsimile: (215) 875-4604
mdellangelo@bm.net

Daniel C. Girard
David Stein
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dcg@girardgibbs.com

Co-Lead Counsel for Plaintiffs
and the Proposed Class

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2014, a copy of the foregoing document was filed electronically with the United States District Court for the Northern District of Illinois. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ Michael Dell'Angelo