UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Peregrine Financial Group Customer Litigation | Civil Action No. 12-cv-5546<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Daniel G. Martin |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

SARA L. ELLIS, United States District Judge:

On this _____ day of _____ 201___, a hearing (the "Hearing") having been held before this Court to determine (i) whether the terms and conditions of the Settlement and related Settlement Agreement, dated March 7, 2014, among the Customer Representative Plaintiffs, Ira Bodenstein, Chapter 7 Trustee ("Trustee") for the estate of Peregrine Financial Group, Inc. ("PFG") in *In re Peregrine Financial Group, Inc.*, Case No. 12-B-27488 (N.D. Ill) ("Bankruptcy Case"), and JPMorgan Chase Bank, N.A., and its parents, subsidiaries and affiliates ("JPMorgan" or the "Bank") (collectively, the "Parties"), are fair, reasonable and adequate to settle all potential claims by the Customer Representative Plaintiffs and Trustee against JPMorgan as set forth herein; and (ii) whether judgment should be entered dismissing with prejudice in favor of JPMorgan and any other Released Defendants any of the Released Plaintiffs' Claims, as against all persons or entities who are Settlement Class Members and who have not requested exclusion from the Settlement Class;

As it appears that the Notice of Proposed Partial Settlement of Class Action and Summary Notice substantially in the forms approved by the Court, including the date of the Hearing, were e-mailed and/or mailed to all Persons reasonably identifiable who were eligible to

be Settlement Class Members, according to records gathered by the Trustee and his professionals in the Bankruptcy Case, or who were otherwise identified through further reasonable effort;

And the Court, having considered all matters submitted to it at the Hearing, along with all prior submissions by the Parties to the Settlement and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members and Trustee against the Released Defendants;

**NOW, THEREFORE, IT IS HEREBY ADJUDGED AND ORDERED THAT:**

1. The Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice (the "Judgment"), adopts the following defined terms:

   a. "4d Customers" means all former or present customers with accounts opened for the purpose of trading futures or options on futures on a U.S. futures exchange under Section 4d of the Commodity Exchange Act, 7 U.S.C. §1, et seq., and 17 C.F.R. § 1.20.

   b. "30.7 Customers" means all former or present customers with accounts opened for the purpose of trading futures or options on futures contracts traded on foreign boards of trade in accordance with 17 C.F.R. § 30.7.

   c. "Administration Costs" means the costs, fees, and expenses that are incurred in connection with administering the Net Distribution Fund, including the distribution of funds from the Net Distribution Fund.

   d. "Advanced Noticed Costs" means an amount, not to exceed $50,000, advanced by JPMorgan to fund the expenses associated with sending notice to the Settlement Class pursuant to Fed. R. Civ. P. 23(c)(2), as approved by the District Court.

   e. "Allowed Claim" means a Claim: (a) timely filed against PFG in the Bankruptcy Case by the applicable bar date established by the Bankruptcy Court that is no longer

subject to objection in the Bankruptcy Case; or (b) that is allowed in the Bankruptcy Case (i) by a Final Order or (ii) by an agreement between the holder of such Claim and the Trustee.

      f.     "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

      g.     "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, judgments, decrees, matters, issues, suits and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule or regulation, or agreement, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

      h.     "Co-Lead Counsel" means Michael Dell'Angelo of Berger & Montague, P.C. and Daniel C. Girard of Girard Gibbs LLP who have been appointed interim lead counsel on behalf of the Customer Representative Plaintiffs pursuant to Fed.R. Civ.P. 23(g). References herein to work performed by Co-Lead Counsel includes work undertaken at the direction of Co-Lead Counsel performed by the law firms designated as Plaintiff's Executive Committee in the District Court's October 5, 2012, Order as modified by its April 22, 2013 Order.

      i.     "Customer Representative Plaintiffs Attorneys' Fees Payment" means any award of attorneys' fees, costs, or expenses in the Customer Class Action, awarded pursuant to Fed.R.Civ.P. 23, by the District Court.

3

j. "Customer Class Action" means all actions brought, or that in the future may be brought, by or on behalf of former customers of PFG, which have been, or in the future may be, consolidated under the caption *In re Peregrine Financial Group Customer Litigation*, Case No. 12-CV-5546 (N.D. Ill.).

k. "Customer Pooled Funds Allocation" means sixty-seven (67) percent of the Pooled Funds.

l. "Distribution Cash Payment" means the sum of one million two hundred and fifty thousand dollars ($1,250,000) in cash.

m. "Distribution Fund" means the Distribution Cash Payment plus any interest thereon earned after JPMorgan pays the Distribution Cash Payment.

n. "Distribution Taxes" means (i) all federal, state and/or local taxes of any kind on any income earned by the Distribution Fund; and (ii) the expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Distribution Fund (including, without limitation, expenses of tax attorneys and accountants).

o. "Forex Contingency Order" means (a) a Final Order, including, without limitation, a Final Order approving a settlement, that determines that Forex and Metals Customers do not have a superior direct claim to, a superior direct interest in, or any other superior right to any portion of the Customer Pooled Funds Allocation, or any determination by Final Order having such effect or (b) a Final Order approving a settlement between the Estate and Forex and Metals Customers that is acceptable to the Trustee and the Customer Representative Plaintiffs and that is otherwise consistent with the provisions of the Settlement Agreement.

p. "Forex Adversary Proceeding" means Adversary Proceeding, No. 12-

01572, brought by Forex and Metal Customers and presently pending in the Bankruptcy Case.

    q. "Forex and Metals Customers" means the Forex account and OTC metals account holders of PFG as of the Petition Date and as described in the complaint filed in Forex Adversary Proceeding.

    r. "Net Distribution Fund" means the Distribution Fund less: (i) any Distribution Taxes; (ii) any Notice Costs and Administration Costs in excess of the Advanced Notice Costs; (iii) and any Customer Representative Plaintiffs Attorneys' Fees Payment.

    s. "Notice Costs" means the costs, fees and expenses that are incurred in connection with providing notice to the Settlement Class. JPMorgan's responsibility for paying Notice Costs shall be limited exclusively to Advanced Notice Costs and the Trustee shall have no responsibility for paying any Notice Costs. Any Notice Costs in excess of the Advanced Notice Costs shall be payable exclusively from the Distribution Fund and not from the Pooled Funds.

    t. "PFG Accounts" means all accounts of any kind or nature maintained by JPMorgan or any of its subcustodians for PFG or PFG customers, including without limitation any and all proprietary accounts, clearance accounts, trust accounts, and customer segregation accounts.

    u. "Plan of Allocation" means the proposed plan of allocation for the Net Distribution Fund set forth in Exhibit D to the Settlement Agreement or such other plan of allocation as the District Court shall approve.

    v. "Pooled Funds" means the funds to be received by the Trustee pursuant to the provisions of Paragraph 12 of the Settlement Agreement. Notwithstanding the foregoing, to the extent that any of the accounts set forth on Schedule 1 to the Settlement Agreement contain

funds that either PFG is holding in trust for the benefit of others or that are otherwise not property of the Estate, such funds in the hands of the Trustee or the Estate shall not be Pooled Funds, and the rights of third parties in and to such funds, and any defenses or competing rights of any Party to the assertion of any such rights in and to such funds, shall not be affected by either the Settlement Agreement or this Judgment, but instead such rights shall continue in such funds in the hands of the Trustee or the Estate.

      w.    "Released Claims" means the Released Trustee Claims, the Released Customer Claims, and the Claims released by JPMorgan pursuant to Paragraphs 22-25 of the Settlement Agreement. In no event shall "Released Claims" be interpreted to include any claims the Trustee may have against U.S. Bank, N.A., PFG, Russell Wasendorf, Sr., Russell Wasendorf, Jr., or any of their past or present affiliates, parents, members, and subsidiaries, current and former, officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, accountants, predecessors, successors and assigns or any other actual or potential party, whether now or in the future.

      x.    "Released Customer Claims" means any and all Claims, including Unknown Claims, that have been or could have been asserted by, through, or on behalf of the Customer Representative Plaintiffs, each and every member of the Settlement Class, and each of their respective predecessors, successors, affiliates, assigns, purchasers or other transferees, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, against any one or more of the Released Defendants, arising out of, relating to, or in connection with, in any way or manner, PFG, its affiliates, or related parties, including but not limited to any claims asserted in the Customer Class Action and any claims related to alleged fraud, breach of any duty, negligence, unjust enrichment, or the aiding and abetting of such conduct (including but

6

not limited to PFG's alleged misuse of customer money, securities, and/or property). The Claims being pursued in the Customer Class Action against defendants named in the Consolidated Amended Class Action Complaint or who may be added in the future in the District Court (other than the Released Defendants) are excluded from the definition of "Released Customer Claims" and are not being released by the Settlement Class as part of the Settlement. In no event shall "Released Customer Claims" be interpreted to include any claims the Customer Representative Plaintiffs may have against U.S. Bank, N.A., PFG, Russell Wasendorf, Sr., Russell Wasendorf, Jr., or any of their past or present affiliates, parents, members, and subsidiaries, current and former, officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, accountants, predecessors, successors and assigns or any other actual or potential party, whether now or in the future.

y. "Released Defendants" means JPMorgan and each of its past or present affiliates, parents, members, and subsidiaries, and each and all of their current and former, officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, accountants, predecessors, successors and assigns. In no event shall "Released Defendants" be interpreted to mean U.S. Bank, N.A., PFG, Russell Wasendorf, Sr., Russell Wasendorf, Jr., or any of their past or present affiliates, parents, members, and subsidiaries, current and former, officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, accountants, predecessors, successors and assigns or any other actual or potential party, whether now or in the future, to the Customer Class Action.

z. "Released Plaintiffs' Claims" means both the Released Customer Claims and the Released Trustee Claims.

7

aa. "Released Trustee Claims" means any and all Claims, including Unknown Claims, that have been, can or might have been asserted by, through, or on behalf of the Trustee, the Estate, and each of their respective predecessors, successors, affiliates, assigns, purchasers or other transferees, attorneys, heirs, representatives, administrators, executors, devisees, legatees, estates, and all others claiming through them against any one or more of the Released Defendants for, upon or by reason of any matter, cause or thing whatsoever from the beginning of time arising out of, relating to, or in connection with, in any manner, PFG, its affiliates, or related parties, including any claims asserted in the Customer Class Action and any claim related to alleged fraud, breach of duty, negligence, unjust enrichment, or the aiding and abetting of such conduct (including relating in any manner to the alleged misuse of PFG's customer money, securities, and/or property).

bb. "Settlement Class" means all those Persons who formerly maintained futures and option accounts at PFG or who are 4d Customers. Excluded from the Settlement Class are: (i) all 30.7 Customers; (ii) any Person named as a Defendant in the Consolidated Amended Class Action Complaint (including any immediate family members of such Defendant and any parent, subsidiary or affiliate of any Defendant) who held money, securities, or property at PFG; (iii) any parent, subsidiary or affiliate of PFG that held money, securities, or property at PFG and that could otherwise be deemed to be a member of the Settlement Class; and (iv) any Persons that exclude themselves from the Settlement Class by filing a request for exclusion that is accepted by the District Court.

cc. "Trustee Releasees" means the Trustee and the Estate and all of their respective property, current and former officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries,

8

professionals, agents, successors, predecessors and representatives. For the avoidance of doubt, Trustee Releasees does not include PFG or any other parent or affiliate of PFG.

        dd.    "Unknown Claims" means any Released Claims which the Trustee, Customer Representative Plaintiffs, any other Settlement Class Members, or JPMorgan does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. The Parties have agreed that, upon the Effective Date, the Trustee, the Customer Representative Plaintiffs, and JPMorgan shall have expressly waived, and each of the other Settlement Class Members shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Trustee, the Customer Representative Plaintiffs, and JPMorgan (including in its capacity as Agent), acknowledge, and the other Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

    2.    This Court has jurisdiction over the subject matter of the Customer Class Action and over all parties to the action, including all Settlement Class Members.

    3.    The Court hereby finds, in accordance with the Order Preliminarily Approving Proposed Settlement and Providing for Notice, dated September 30, 2014 (ECF No. 261) (the

"Preliminary Approval Order"), that individual notice given to the members of the Settlement Class who could be identified through the Trustee's records in the Bankruptcy Case and any additional reasonable effort was the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the proposed Settlement set forth in the Settlement Agreement, to all eligible Settlement Class Members entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, CAFA, and all other applicable laws and rules.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement as fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

5. The Customer Class Action and any claims of the Settlement Class Members are dismissed on the merits as to the Released Defendants, without costs, and with prejudice.

6. The releases as set forth in Paragraphs 22-27 of the Settlement Agreement (the "Releases"), together with the definitions contained in Paragraphs 1nn-rr of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date, the Customer Representative Plaintiffs and other Settlement Class Members (exclusive of the persons and entities as listed on Exhibit A-1 annexed hereto who submitted timely and valid exclusion requests) and each of their respective predecessors, successors, affiliates, assigns, transferees, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, shall be deemed by operation of law to have, and by operation of the Final Judgment and Order shall have, released, waived, discharged, and dismissed each and every Released Plaintiff

10

Claim against each and every Released Defendants, and shall forever be enjoined from commencing or prosecuting in any forum any or all of the Released Plaintiffs' Claims against each and every Released Defendant.

7. The Released Defendants hereby fully, finally, and forever release, relinquish and discharge each and all of the Customer Representative Plaintiffs, other Settlement Class Members, and Co-Lead Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Customer Class Action or the Released Plaintiffs' Claims.

8. Notwithstanding paragraphs 5-7 above, nothing in this Final Judgment and Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement or this Judgment.

9. To the fullest extent permitted by law, all Persons including any Person who is, was ever, or could have been named as a defendant in the Customer Class Action, shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution or indemnification, however styled, against each and every of the Released Defendants for any costs, liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Trustee, the Estate, the Settlement Class or any member of the Settlement Class, arising out of, relating to, or in connection with, in any way or manner, the Released Plaintiffs' Claims or any claim that has been or could have been or could be in the future asserted in the Bankruptcy Case or the Customer Class Action, whether arising under federal, state or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Bankruptcy Court, the District Court, or any other federal, state, or foreign court, or in any arbitration proceeding,

11

administrative agency proceeding, tribunal, or any other proceeding or forum ("Contribution Claims"), except that this provision shall not apply as among the Released Defendants, and all Released Defendants shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any Contribution Claims against any person or entity barred from seeking contribution pursuant to this paragraph 9 ("Barred Defendant Person"). Any monetary award or judgment obtained by the Trustee (or any Person claiming through him or the Estate or to whom or which such claim is assigned), the Customer Representative Plaintiffs, or one or more of the Settlement Class Members, from or against any Barred Defendant Person, for which contribution or common law indemnification is available from any Released Defendants, shall be reduced by the lowest amount necessary under applicable law to effect a complete bar against contribution or common law indemnity claims, however styled, against all Released Defendants.

10. Neither this Judgment nor the Settlement (including the Settlement Agreement or any of its terms, or any aspect of any of the negotiations, discussions and proceedings in connection with the negotiation of or efforts to consummate the Settlement) shall: (a) be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Judgment or the Settlement; (b) be described as, construed as, interpreted as or offered against any party as evidence of and/or deemed to be evidence of any presumption, concession or admission as to any liability, negligence, fault, or wrongdoing on their part or validate any claim by any party or the merits of any of their defenses; or (c) be described as, construed as, interpreted as or offered against any party or any Settlement Class Member as evidence of any infirmity in the claims of any party or the Settlement Class, or as

12

evidence that the damages recoverable from any party would not have exceeded the Settlement Amount.

11. The Released Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to the Customer Representative Plaintiffs, Settlement Class, Co-Lead Counsel or the Trustee in connection with such administration.

12. Separate orders shall be entered regarding approval of the Plan of Allocation and any application for the Customer Representative Plaintiffs Attorneys' Fees Payment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13. The Court finds that during the course of the Customer Class Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that this Judgment is modified or reversed on appeal to the extent that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement terminates according to its provisions, or the Settlement Amount, or any portion thereof, is returned to JPMorgan, or this Judgment does not become Final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, and the Parties will be deemed to have reverted to their respective status as of the date and time immediately before October 23, 2013, except that: (i) any Notice Costs or Distribution Taxes that have been paid or incurred at the time of modification or reversal need not be refunded to JPMorgan; (ii) any modifications, reductions or reversal of any Customer Representative Plaintiffs Attorneys' Fees Payment on appeal or in any further motion in this

Court shall in no way disturb or affect any part of this Judgment; and (iii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any part of this Judgment.

15. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

16. Without affecting the finality of this Final Judgment and Order in any way, the Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution from the Distribution Fund; (ii) disposition of the Distribution Fund; and (iii) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement.

17. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this _____ day of _____, 201____.

_____
The Honorable Sara L. Ellis
United States District Judge