aEE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | Civil Action No. 12-cv-5546<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Daniel G. Martin |

## [~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

The Court, having considered (a) Class Counsel's Motion for Final Approval of Class Action Settlement and Plan of Allocation; (b) the Memorandum of Law in Support of the Class Counsel's Motion for Final Approval; (c) the Plan of Allocation for the customer Class (as set out in Exhibit D to the Settlement Agreement, ECF No. 251-3, and as summarized in the proposed Notice previously approved by this Court, ECF No. 251-4); (d) the Memorandum of Law in Support of the Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; (e) the Declaration of Co-Lead Counsel Michael C. Dell'Angelo; (f) the individual Declarations of Daniel C. Girard and Norman E. Siegel; and having held a hearing on January 27, 2015, and considered all of the submissions and arguments with respect thereto; pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in accordance with the terms of the settlement agreement dated March 7, 2014, filed as ECF No. 251-3 (the "Settlement Agreement") between the Customer Plaintiffs ("Plaintiffs"), JPMorgan Chase Bank, N.A. ("JPMorgan" or "Defendant"), and Ira Bodenstein (the "Trustee"), not individually, but solely as Chapter 7 Trustee for the estate of Peregrine Financial Group, Inc., it is hereby ORDERED that:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

1

As set forth in the Preliminary Approval Order (ECF No. 261), dated September 30, 2014, the previously certified Class is defined as follows:

> All those Persons who formerly maintained or presently maintain commodity futures or option accounts with PFG or are 4d Customers.

2. Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, this Court makes the following findings of fact and conclusions of law:

(a) the Settlement confers an immediate monetary benefit on the Class of approximately $12 million, which benefit is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

(b) there were no objections by Class members to the requested fee award of 25 percent of the $1.25 million Distribution Cash Payment paid by JPMorgan as part of the Settlement;

(c) Class Counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Class against JPMorgan for nearly two years, with no guarantee they would be compensated;

(d) Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

(e) Class Counsel have reasonably expended approximately 9,947 hours, and incurred $351,509.55 in out of pocket expenses in prosecuting this action and administering the Settlement, with no guarantee of recovery;

(f) the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy;

(g) the Settlement was reached following negotiations held in good faith and

in the absence of collusion;

(h) the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions in this Circuit (*see, e.g., Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994);

(i) Class members were advised in the Notice of Proposed Settlement, which Notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees in an amount up to twenty-five percent of the $1.25 million Distribution Cash Payment, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

(j) Class Counsel did, in fact, move for an award of attorneys' fees in the amount of twenty-five percent of the $1.25 million Distribution Cash Payment, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which motion has been on the docket and publicly available since December 23, 2014;

(k) As detailed in Class Counsel's declarations in support of their fee application, a fee award of twenty-five percent of Distribution Cash Payment by JPMorgan would equate to a lodestar multiplier of approximately six percent. An examination of case law approving percentage-of-the-fund recoveries awarded in other class actions in this Circuit reveals that the percentage requested here is well within the acceptable range.

Accordingly, Class Counsel are hereby awarded attorneys' fees in the amount of $312,500. The Court finds this award to be fair and reasonable.

Further, Class Counsel are hereby awarded $351,509.55 out of the Distribution Cash

Payment to reimburse them for the expenses they incurred in the prosecution of this lawsuit and administration of the Settlement, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Class obtained in the Settlement.

SO ORDERED this 27 day of January 2015.

_____
Hon. Sara L. Ellis
U.S. District Court for the Northern District of Illinois