1    <u>TRANSCRIBED FROM DIGITAL RECORDING</u>

2         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
3                  EASTERN DIVISION

4    IN RE: PEREGRINE FINANCIAL GROUP  )  Docket No. 12 C 5546
     CUSTOMER LITIGATION,              )
5                                      )
                                       )  Chicago, Illinois
6                                      )  February 5, 2015
                                       )  10:29 a.m.
7

8              TRANSCRIPT OF PROCEEDINGS - Status
           BEFORE THE HONORABLE DANIEL G. MARTIN
9
     APPEARANCES:
10
     For the Plaintiffs:  BERGER & MONTAGUE, by
11                        MR. MICHAEL C. DELL'ANGELO
                          1622 Locust Street
12                        Philadelphia, PA 19103

13
     For the Defendant U.S. Bank, N.A.:
14
                          DORSEY & WHITNEY, LLP, by
15                        MR. PETER W. CARTER
                          50 South 6th Street, Suite 1500
16                        Minneapolis, MN 55402

17

18      ** Please notify of incorrect speaker identification **

19
          NOTE:  FAILING TO SPEAK DIRECTLY INTO A MICROPHONE
20           MAY RESULT IN INAUDIBLE PROCEEDINGS AS NOTED.

21   Transcriber:         LISA H. BREITER, CSR, RMR, CRR
                          Official Court Reporter
22                        219 South Dearborn Street, Room 1802-C
                          Chicago, Illinois 60604
23                        (312) 818-6683
                          lisa_breiter@ilnd.uscourts.gov
24

25

1       (In open court.)

2               THE CLERK:  12 C 5546.  In Re:  Peregrine Financial

3       Group.

4               THE COURT:  Good morning.  Good morning.

5               MR. DELL'ANGELO:  Good morning, your Honor.

6               MR. CARTER:  Good morning, your Honor.

7               THE COURT:  Plaintiff.

8               MR. DELL'ANGELO:  Michael Dell'Angelo, your Honor,

9       D-E-L-L apostrophe A-N-G-E-L-O.

10              THE COURT:  Mr. Dell'Angelo.  You gentlemen are being

11      so polite, you're waiting for each other to get on the record.

12              MR. CARTER:  Good morning, your Honor.  Peter Carter

13      on behalf of U.S. Bank National Association, C-A-R-T-E-R.

14              THE COURT:  Mr. Carter.  We got anybody else here?

15      Where is Iavarone?  Nobody else shows.  All right.

16              MR. DELL'ANGELO:  Your Honor, I think at this point,

17      the only other party in the case is U.S. Bank.

18              THE COURT:  Okay.  Well, here's the deal.  I

19      understand a motion to approve final settlement's pending

20      before Judge Ellis.  Congratulations.

21              U.S. Bank has filed objections to the proposed

22      settlement for reasons that are referenced within its

23      objections.  Current status of the proposed settlement?

24      Anything further?

25              MR. DELL'ANGELO:  We had a final approval hearing,

1  your Honor, last week, and I believe Judge Ellis indicated from

2  the bench that she was inclined to enter final approval, and we

3  submitted a proposed order and expect that a final order will

4  be forthcoming.

5  THE COURT:  Okay.  That sounds great.  Concur?

6  MR. CARTER:  Yes, your Honor.

7  THE COURT:  I don't know if there's anything for me to

8  do at this point.  Your fact discovery closes tomorrow.  I

9  don't know if there's any non expert fact discovery issues or

10  anything else that's presently before me.

11  MR. CARTER:  Your Honor, there is a slight speed bump

12  I wanted to inform the Court of, and that is the parties have

13  agreed that I think four depositions can be taken after the

14  close of discovery.

15  And what's delayed those depositions is that there are

16  some documents in the hands of the trustee.  These are

17  Peregrine documents and U.S. -- and JPMorgan Chase documents

18  that we've subpoenaed, and the trustee has resisted the

19  subpoena.  And we anticipate bringing a motion to compel before

20  your Honor before the end of the week.  So I just wanted to

21  alert the Court that that's happening.

22  THE COURT:  All right.  I'll just keep this referral

23  open and urge all parties full speed ahead, and when I get

24  that, we'll look at it and --

25  MR. CARTER:  I guess to be clear, your Honor, the

1  subpoenas at issue were, I guess, served within the last few

2  weeks.  Discovery in the case has been opened.  It began over

3  two years ago literally.  It's been extended at least once now.

4      And the agreement that we made is, as we understood

5  it, is that -- first of all, we understood that the hangup with

6  the documents related to the defendant U.S. Bank --

7      THE COURT:  Are you saying you're going to oppose what

8  they're saying?

9      MR. DELL'ANGELO:  Well, I just wanted to be clear that

10  there are some parameters around the agreement as we understood

11  it, which was first we understood that the issue with the

12  documents U.S. Bank was having is that it needed relief from

13  the protective order in a case in which it was sued in Iowa --

14      THE COURT:  Okay.

15      MR. DELL'ANGELO:  -- under CFTC.

16      That protective order issue was litigated, and as we

17  understand it, the Court in Iowa has denied U.S. Bank relief

18  from the protective order.

19      THE COURT:  Well, that's a relief to hear, but what

20  has that to do with me and a possible motion that's coming my

21  way, Mr. Dell'Angelo?

22      MR. DELL'ANGELO:  Well, we had agreed, as we

23  understood it, that a couple of depositions could be taken up

24  to 21 days after the close of discovery because relief was

25  needed from the Iowa order.

1      But as we understand it, relief will not be had from

2   the Iowa order because the Iowa court has --

3      THE COURT:  I'm losing you, pal.  Fact discovery

4   closes tomorrow.  You understood that 21 days thereafter,

5   further depositions could be taken.  What do you want me to do?

6      MR. DELL'ANGELO:  And that's really --

7      THE COURT:  Is there any action you want me to engage

8   in this morning --

9      MR. DELL'ANGELO:  No, your Honor.

10      THE COURT:  -- other than listen to what you're

11   saying?

12      And I am listening to it, but if there's anything you

13   want to get into the record or any opposition you may have or

14   if you think that the request is going beyond the parameters,

15   you can always weigh in with a brief response.

16      MR. DELL'ANGELO:  We'll see how it unfolds.

17      THE COURT:  Okay.  Let's see how it unfolds, and maybe

18   we don't even need to anticipate anything negative.  It might

19   just be a little -- a couple little fly depositions.

20      MR. DELL'ANGELO:  I appreciate it, your Honor.  I just

21   didn't want the record to suggest -- leave open the suggestion

22   that we've sort of allowed or agreed to unfettered depositions.

23      THE COURT:  I think there can be no fair suggestion

24   that you're agreeing to unfettered depositions after your

25   eloquent presentation.

1         MR. DELL'ANGELO:  Very well.  Thank you, your Honor.

2         THE COURT:  Take care, fellas.

3         MR. CARTER:  Thank you, your Honor.

4     (Concluded at 10:35 a.m.)

5                 C E R T I F I C A T E

6     I certify that the foregoing is a correct transcript of the

7 digital recording of proceedings in the above-entitled matter

8 to the best of my ability, given the limitations of using a

9 digital recording system.

10

11 /s/LISA H. BREITER                         February 19, 2015

     LISA H. BREITER, CSR, RMR, CRR

12 Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25