IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | ) Civil Action No.: 12-CV-5546 <br> ) <br> ) Honorable Sara L. Ellis <br> ) <br> ) Magistrate Judge Daniel G. Martin <br> ) <br> ) Related case: *Fintec Group, Inc. vs.* <br> ) *U.S. Bank, N.A.*, 13-cv-8076 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO DETERMINE THE
SUFFICIENCY OF U.S. BANK'S OBJECTIONS TO REQUESTS FOR ADMISSION**

**INTRODUCTION**

Plaintiffs' Motion to Compel and To Determine the Sufficiency of Objections to Requests for Admission should be denied. The documents that Plaintiffs seek are either irrelevant or non-existent. The matters that Plaintiffs want Defendant U.S. Bank National Association ("U.S. Bank" or "Bank") to admit or deny are purely legal conclusions and therefore improper subjects for requests for admission. For the reasons set forth below and based on the entire record in this matter, U.S. Bank respectfully requests that the Court deny Plaintiffs' motion in its entirety.

**ARGUMENT**

**I.     Plaintiffs' Motion To Compel With Respect To Document Requests No. 85 & 105
Should Be Denied Because Documents Created After PFG's Collapse Are Not
Relevant To Plaintiffs' Claims.**

The Court should decline to compel responses to Plaintiffs' requests for documents post-dating July 9, 2012, when the Peregrine fraud came to light, because this Court's Order granting in part and denying in part U.S. Bank's Motion to Dismiss makes such documents irrelevant.

(Order, Dkt. No. 256 (Sept. 25, 2014) ("MTD Order").) In that order, the Court dismissed Plaintiffs' negligence claim. With respect to Plaintiffs' claim under the Illinois Fiduciary Obligations Act ("FOA"), Plaintiffs must prove either actual knowledge or bad faith on the part of the Bank. (MTD Order at 12.) Bad faith, under Illinois law, "include[s] situations 'where the bank suspects that the fiduciary is acting improperly and deliberately refrains from investigating in order that it may avoid knowledge that the fiduciary is acting improperly.'" (*Id.* at 13, quoting *Mikrut v. First Bank of Oak Park*, 832 N.E.2d 376, 385 (Ill. 2005).) Accordingly, "[i]n determining whether a bank has acted in bad faith, courts will consider whether it was commercially unjustifiable for the payee to disregard and refuse to learn readily available facts such that it was bad faith to remain passive." *Time Savers, Inc. v. LaSalle Bank, N.A.*, 863 N.E.2d 1156, 1165 (Ill. 2007) (emphasis added); *see also* MTD Order at 13.

Plaintiffs seek to shade that standard, suggesting that U.S. Bank may be liable if its "policies, procedures, and guidelines were commercially *unreasonable* and thus contributed to the loss of the Peregrine customers' funds." (Pls.' Br. at 5 (emphasis added).) But as reflected in *Time Savers* and this Court's order, the actual standard imposes liability only where there is a "commercially *unjustifiable* . . . refus[al] to learn readily available facts." 863 N.E.2d at 1165 (emphasis added). While the Illinois Court of Appeals in *Continental Casualty Co. v. American National Bank & Trust Co. of Chicago*, 768 N.E.2d 352 (Ill. Ct. App. 2002), did make reference to bank procedures in its decision that the plaintiffs there had stated a viable claim, those procedures are not what enabled the plaintiffs to plead a prima facie case. Rather, as noted in *Time Savers*, *Continental Casualty* stands for the proposition that a bank is liable when it "allow[s] multiple deposits through automatic teller machines, bank employees examine[] such checks, and the checks ha[ve] improper signatures that bank employees should have identified."

2

863 N.E.2d at 1166. Accordingly, the content of a bank's policies and procedures do not give rise to liability under the FOA.

Policies and procedures enacted *after* misappropriation by a fiduciary depositor, such as Plaintiffs seek here, are doubly irrelevant. There is nothing about U.S. Bank's implementation of policies after Russell Wasendorf Sr.'s fraud was discovered that could possibly show that the Bank suspected that Wasendorf was acting improperly and refused to learn readily available facts that would have revealed the fraud. Indeed, there is nothing forward-looking at all about the bad-faith analysis set forth in this Court's Order. None of the cases on which Plaintiffs rely relate to claims arising under FOA, or even to a similar factual situation. Rather, those cases relate solely to safety measures potentially relevant to *negligence* actions in which the standard is one of reasonable care, not unjustifiable disregard. *See Menendez v. Wal-Mart Stores E. L.P.*, 2012 WL 2159223, at *1-*2 (N.D. Ind. June 13, 2012); *Stalling v. Union Pac. R.R. Co.*, 2003 WL 21317297, at *1, *10 (N.D. Ill. June 6, 2003); *Jumper v. Yellow Corp.*, 176 F.R.D. 282, 283-84 (N.D. Ill. 1997).

Production of documents post-dating July 9, 2012, would serve only to make irrelevant and inadmissible documents available to Plaintiffs. Because the documents will have no bearing on any claim remaining in this case, the Court should decline to compel their production.

**II.     Plaintiffs' Motion to Compel With Respect To Document Request No. 79 Should Be Denied Because No Responsive Documents Exist.**

Plaintiffs' motion to compel production of "the job description for Doug Boe in his capacity as Vice President of Commercial Lending" (Pls.' Br. at 8) should be denied because no such description exists. U.S. Bank has conducted a reasonable search and found no such document. (*See* Forsythe Decl. ¶ 3 & Ex. 1) This Court "cannot compel the [Bank] to produce documents [it] claim[s] do not exist when the Court has no evidence to the contrary." *Am.*

3

*Needle, Inc. v. New Orleans*, 2012 WL 4327395, at *8 (N.D. Ill. Aug. 17, 2012); *see also* *Antoine v. Ramos*, 2010 WL 3365911, at *1 (S.D. Ill. May 19, 2010). Accordingly, the Court should deny Plaintiffs' Motion to Compel with respect to Document Request No. 79.[1]

### III. Plaintiffs' Motion To Compel With Respect to Document Requests No. 99 & 100 Should Be Denied For The Reasons Stated In The Declaration of Elizabeth Forsythe, Filed Herewith Under Seal.

Plaintiffs' motion to compel with respect to their Requests No. 99 and 100 should be denied for the reasons stated in the Declaration of Elizabeth Forsythe, filed herewith under seal.

### IV. Plaintiffs' Motion To Determine Sufficiency Of Objections With Respect To Requests for Admission No. 26 & 27 Should Be Denied Because The Requests Would Have U.S. Bank Admit A Purely Legal Conclusion.

Plaintiffs have asked U.S. Bank to admit legal conclusions in their Requests for Admission No. 26 and 27, namely that "Wasendorf owed fiduciary duties to [PFG] customers" and that PFG "owed fiduciary duties to its customers." (Pls.' Br. at 9-10.) It is well established under Illinois law that whether a fiduciary duty exists is a question of law. *Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 766 (7th Cir. 2009) ("Whether a duty exists is a question of law."); *SEC v. Nutmeg Grp., Inc.*, 285 F.R.D. 403, 405 (N.D. Ill. 2012) (request for admission designed to require a party to "admit [the opposing party's legal] theory of the case" is improper).

Contrary to their argument, Plaintiffs' requests do not seek an "application of law to fact," and the case law Plaintiffs cite in support of this proposition is neither binding on this Court, nor apposite. In *Miller v. Holzmann*, 240 F.R.D. 1, 5 (D.D.C. 2006), for example, the request at issue "only ask[ed] that the defendant admit or deny that an event occurred." The

---

[1] Even if a job description existed, it would not be a "rule, policy, procedure, or guideline" responsive to Plaintiffs' Request No. 79, which reads: "Each U.S. Bank rule, policy, procedure, or guideline that relates to commercial lending and which was in effect any time between 2007 and 2012." (Pl.'s Br. at 9.)

4

*Miller* case presents an entirely different situation than here, where Plaintiffs have asked U.S. Bank to admit not the occurrence of an event, but the existence of a legal duty. Similarly, in *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.*, 2007 WL 3171768, at *5 (D. Kan. Oct. 29, 2007), the court noted that the defendant's requests presented "inquiries more of a factual than legal nature" and "merely [sought] to establish HCA Midwest's succession to contracts and whether Heartland meets certain requirements under federal laws." The court drew a distinction between those inquiries and "pure matters of law"—such as the existence of a legal duty. *See id.* Finally, in *SEC v. Goldstone*, 300 F.R.D. 505, 526, 528 (D.N.M. 2014), the court found (after lengthy analysis) that a request for admission stating "[a]dmit that the I/O Strip Transactions constitute legal sales" was proper *only* because the SEC had defined precisely what it meant by "legal sale" such that the request did not ask the defendants "to admit or deny a matter of black letter law." Additionally, the court noted, the defendants had themselves made use of the term "legal sale" (and, indeed, characterized some of its transactions as such) in internal correspondence. *Id.* at 528. Plaintiffs fail to point to any similar circumstances in the facts of this case. Requests No. 26 and 27 therefore improperly seek legal conclusions, and Plaintiffs' Motion to Determine the Sufficiency of Objections should be denied.

5

## **CONCLUSION**

For the reasons set forth above, and based on the entire record in this matter, U.S. Bank respectfully requests that this Court deny Plaintiffs' Motion to Compel Production of Documents and to Determine The Sufficiency of U.S. Bank's Objections to Requests for Admission.

Dated: March 3, 2015

                                                   Respectfully submitted,

                                                   U.S. BANK NATIONAL ASSOCIATION

                                                   By  /s/ Eric R. Sherman
                                                        One of Its Attorneys

Peter W. Carter
Eric R. Sherman
Kristina L. Carlson
Paul R. Dieseth
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
(612) 340-2600

Steven A. Levy
Kenneth S. Ulrich
Kerry D. Nelson
GOLDBERG KOHN, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

6

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on March 3, 2015, he caused a true and correct copy of **DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO DETERMINE THE SUFFICIENCY OF U.S. BANK'S OBJECTIONS TO REQUESTS FOR ADMISSION** to be served via the Court's ECF/electronic mailing system.

    /s/ Eric R. Sherman