UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | Civil Action No.: 12-cv-5546<br><br>Judge Sara L. Ellis<br>Magistrate Judge Daniel G. Martin |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DETERMINE THE SUFFICIENCY OF U.S. BANK'S
RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION
REGARDING DOCUMENT AUTHENTICITY AND HEARSAY EXCEPTIONS**

Plaintiffs, by their undersigned counsel, respectfully submit this reply memorandum in further support of their Motion to Determine the Sufficiency of U.S. Bank's Responses and Objections to Requests for Admission Regarding Document Authenticity and Hearsay Exceptions (Dkt. No. 311). As more fully discussed below, U.S. Bank bears the burden of showing that its complete refusal to authenticate any of the documents that it has produced is appropriate. *See Climco Coils Co. v. Siemens Energy & Automation, Inc.*, No. 04-C 50342, 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006). U.S. Bank has failed to meet this burden. The Court should thus require U.S. Bank to meaningfully respond to Plaintiffs' requests for admission, or deem the matters admitted.

**I.   ARGUMENT**

    **A.   U.S. Bank Has Sufficient Information To Authenticate The Documents At Issue**

U.S. Bank contends that Plaintiffs have not provided enough information to allow it to admit or deny the authenticity of the documents at issue—even though many of them are run-of-the-mill documents that the bank itself produced, like monthly account statements, internal

policies, and emails between bank employees. *See* Defendant's Brief ("Def. Br.") (Dkt. No. 347) at Arg. § II. This argument is pretextual–U.S. Bank's counsel admitted that even if Plaintiffs did provide the requested information for each of the documents at issue, U.S. Bank would "nevertheless maintain its objection[.]" (Dkt. No. 313-12, Ex. 11 at 1.)

More importantly, U.S. Bank's argument is without legal support. Contrary to U.S. Bank's argument, Federal Rule of Evidence 901(a) does not support its position. Rule 901 generally sets the requirements for authenticating evidence at trial or on a motion for summary judgment, *not* requirements for propounding requests for admission. And to the extent it applies, Rule 901 and this Circuit's related case law support Plaintiffs' position, not U.S. Bank's. In fact, in a number of instances where a party that produced documents later contested their genuineness, courts deemed the very act of production to be implicit authentication. *See, e.g.*, *U.S. v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982) (holding that the "very act of production was implicit authentication"); *S. Cent. Bank & Trust Co. v. Citicorp Credit Servs.*, 863 F. Supp. 635, 645 (N.D. Ill. 1994) ("we are bound to follow the [*Brown*] court's explicit holding that the production of a document amounts to an implicit authentication of the document"). This Court would be well within its discretion to do the same here and hold that each U.S. Bank-produced document is deemed an authentic business record of the bank.

With respect to Federal Rule of Civil Procedure 36(a)(2), which is the Rule that dictates the proper form of a request for admission, there is no requirement that the propounding party tell the other party "what … the documents they [seek] to authenticate are," as U.S. Bank contends. Def. Br. at 3. Rather, Rule 36 merely provides that "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Fed. R. Civ. P. 36(a)(2). Tellingly, U.S. Bank has found no case law to support its argument that the proponent

2

of a request for admission regarding authenticity must provide additional information. Rather, each of the cases U.S. Bank cited deals with authentication at summary judgment. *See Asher v. Baxter Intern., Inc.*, No. 02-CV-5608, 2009 WL 260979, at *6 (N.D. Ill. Feb. 4, 2009) (dealing with document authentication issues on a summary judgment motion); *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 4. F. Supp. 3d 929, 943 (N.D. Ill. 2013) (same); *Ragan v. Jeffboat, LLC*, 149 F. Supp. 2d 1053, 1062 (S.D. Ind. 2001) (same).

Here, the documents at issue were produced in discovery (mostly by U.S. Bank itself) and Plaintiffs' requests incorporate the documents' bates numbers from the discovery productions. (Dkt. No. 313-8, at Exhibit A.) In addition, in almost every instance it will be clear from the face of the document what the document is—many of the U.S. Bank-produced documents are computer-generated account statements, internal bank policies and procedures, loan files, or company emails. Def. Br. at 9 ("many of those are documents created pre-litigation that came from U.S. Bank's files"). As a result, U.S. Bank's demand that Plaintiffs summarize each document is pointless busywork that Rule 36 does not require. Plaintiffs properly served the requests for admission to establish "the genuineness of any described documents," and U.S. Bank identifies no valid ground for refusing to answer the requests in good faith. *See* Fed R. Civ. P. 36(a)(1)(B), (a)(2).

### B. U.S. Bank Is Not Being Asked To Draw Improper Legal Conclusions

U.S. Bank next argues that Plaintiffs' requests are improper to the extent they ask U.S. Bank to admit the documents fall within the business records hearsay exception. Def. Br. at Arg. § III. This argument fails because, as discussed in Plaintiffs' opening brief, Rule 36(a) requests may seek to establish "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A); *see also* Committee Notes to Fed. R. Civ. P. 36 (1970) ("An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues."). The cases

3

Plaintiffs cite in their opening brief confirm that the use of "Rule 36 to establish that certain exhibits are authentic *and qualify as business records kept in the regular course of [a party-opponent's] business* is not improper." *Little Hocking Water Assn., Inc. v. E.I. Du Point De Nemours & Co.*, Civ. A. No. 2:09-cv-1081, 2013 WL 1791083, at *4 (S.D. Ohio Apr. 26, 2013) (emphasis added); *see also Oakley v. McCabe*, No. 06-4073-JPG, 2007 WL 2752175, at *1 (S.D. Ill. Sept. 21, 2007) (enforcing request for admission that medical records qualified for business record hearsay exception); *Lockheed Martin Corp. v. L-3 Comms. Corp.*, No. 1:05-CV-902-CAP, 2007 U.S. Dist. LEXIS 101872, at *4-5 (N.D. Ga. Oct. 10, 2007). U.S. Bank does not respond to these cases, and the authorities upon which it relies are inapposite. Three of U.S. Bank's cases involved the application of the rules of evidence, but have nothing to do with Rule 36 or its application to hearsay exceptions. *See U.S. v. Foley*, 740 F. 3d 1079, 1086 (7th Cir. 2014); *Germano v. Int'l Profit Ass'n, Inc.*, 544 F.3d 798 (7th Cir. 2008); *Lipscomb v. Lane*, No. 82 C 4893, 1995 WL 39007 (N.D Ill. Jan. 31, 1995). And in the three cases in which the courts did evaluate requests for admission, their analysis did not pertain to a hearsay exception, let alone the business records exception. *See Katzman v. U.S.*, No. 11 C 1441, 2012 WL 601771 (N.D. Ill. Feb. 23, 2012); *U.S. SEC v. Nutmeg Group, LLC*, 285 F.R.D. 403 (N.D. Ill. 2012); *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92 (N.D. Ind. 1995).

Finally, U.S. Bank concedes that a request for it to admit predicate facts establishing the application of the hearsay exceptions would have been proper. Def. Br. at 5. "[A] party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation. . . . When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request." *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 684 (E.D. Cal. 2006). But again, after objecting

4

to the requests on all conceivable grounds, U.S. Bank refused to even consider revised requests (or a stipulation) that would have allowed this issue to be settled without judicial intervention.

      **C.**      **Plaintiffs' Requests For Admission Are Not Unduly Burdensome**

U.S. Bank contends that Plaintiffs' requests for admission are unduly burdensome. Def. Br. at Arg. § IV. Plaintiffs' requests for admission are reasonable, however, given the size, scope and document-intensive nature of this case. U.S. Bank's argument also rings hollow in light of Plaintiffs' repeated, good-faith efforts to accommodate U.S. Bank's supposed manageability concerns and U.S. Bank's repeated refusal to work through any form of compromise that may have avoided the need for litigation of the authentication issue.

As Plaintiffs discuss in their opening memorandum, courts have recognized that in complex, document-intensive cases like this one, requests for admission to authenticate a large number of documents are both normal and proper. *See*, *e.g.*, *Berry v. Federal Mutual Inc. Co.*, 110 F.R.D. 441, 443 (N.D. Ind. 1986); *Sequa Corp. v. Gelmin*, No. 91 Civ. 8675, 1993 WL 350029, at *1 (S.D.N.Y. Sep. 7, 1993); *U.S. v. Watchmakers of Switzerland Information Center, Inc.*, 25 F.R.D. 346 (S.D.N.Y 1960). U.S. Bank does not even mention, let alone address, these cases. The only case that U.S. Bank does rely upon for this point is inapposite. In *Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346 (N.D. Ill. 2014) (Def. Br. at 7-8), the 29,440 requests for admission at issue could not be readily admitted or denied, but would have to be qualified with detail, and went to substantive allegations rather than ministerial functions such as document authentication. Here, on the other hand, it is hard to imagine why U.S. Bank would need to qualify its admission that its own policies, procedures, emails, and account statements are genuine business records.

The burden to the parties and the Court will be greatly and needlessly magnified if U.S. Bank is allowed to stonewall on Plaintiffs' requests for admission, since Plaintiffs may be forced

5

to obtain foundational testimony every time they seek to introduce a document that U.S. Bank has produced. U.S. Bank claims that, at trial, "it has no intention of objecting on grounds of authenticity to trial exhibits that are, in fact, what Plaintiffs assert them to be." Def. Br. at 2 n.3 (quotation omitted). But in preparing for trial, Plaintiffs should not have to guess which documents U.S. Bank will or will not object to on authenticity grounds. Indeed, as discussed below, that is precisely why Plaintiffs' sought a mutually agreeable compromise before the requests for admission were served. The entire point of seeking authenticity admissions at this stage is "to determine which documents will have foundational problems and which will not," so that the parties can prepare for and conduct the trial efficiently. *Berry*, 110 F.R.D. at 443; *see also* Wright & Miller, 8B Federal Practice and Procedure § 2252 (3d Ed.) ("[Rule 36] is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry.").

U.S. Bank's burden argument is further undercut by the fact that Plaintiffs have repeatedly sought a mutually agreeable compromise and U.S. Bank has rebuffed each overture. For example, before the requests for admission were served, Plaintiffs' counsel sought to resolve this authentication issue via stipulation, a solution that U.S. Bank rejected. (Dkt. No. 313-3, 5, Ex. 2, Ex. 4.) Plaintiffs then proposed to specify narrower categories of unobjectionable documents to which U.S. Bank could stipulate, which U.S. Bank also rejected. (Dkt. No. 313-4, 7, Ex. 3, Ex. 6.) Rather than raise any specific objections regarding burden (or indeed, provide any constructive ideas whatsoever), U.S. Bank's counsel flatly stated that, "U.S. Bank is not able to enter into a stipulation of the type you proposed regarding the authenticity of documents in this case." (Dkt. No. 313-7, Ex. 6.) And during the discussions over the requests for admission, Plaintiffs asked counsel for U.S. Bank what number of documents would not constitute a burden sufficient for U.S. Bank to raise an objection on that basis alone. (Dkt. No. 313-12, Ex. 11 at 2.)

Counsel for U.S. Bank responded that he had not considered the number of documents that U.S. Bank would deem acceptable, and did not provide any number that U.S. Bank would agree to. *See id.* In short, given that U.S. Bank has shown no willingness to authenticate even a single document that it produced, it cannot now be heard to complain that Plaintiffs' requests for admission are unreasonable.

### D. U.S. Bank's Refusal To Authenticate Any Of Its Documents Is Unreasonable And Improper

Finally, U.S. Bank argues that its refusal to authenticate a single document is proper, insofar as its blanket denials purportedly complied with the letter (although not the spirit) of Plaintiffs' requests for admission. Def. Br. at Arg. § V. This argument flies directly in the face of Rule 36(a)(4), which requires that "when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." Here, there is no dispute that U.S. Bank has produced at least some authentic records. Def. Br. at 3 n.2 (admitting that U.S. Bank will not object to the admission of authentic business records as trial exhibits). And there can be no doubt that at least some of U.S. Bank's production (indeed, likely, the vast majority of the production) constitutes material that falls within the business records and party-opponent hearsay exceptions. Yet rather than make a good-faith effort to specify which materials are authentic and fall within these hearsay exceptions, as the Rules require, U.S. Bank instead chose to stand behind an improper blanket objection based on a forced reading of the requests for admission, thereby necessitating the present motion. U.S. Bank's argument that its blanket denials are sufficient responses should be rejected.

## II. CONCLUSION

For the reasons set forth in Plaintiffs' opening brief and above, U.S. Bank's responses and objections to Plaintiffs' First and Second Requests for Admission Relating to Authenticity

7

are insufficient. Plaintiffs respectfully request that the Court enter an Order (1) requiring U.S. Bank to provide substantive responses to Plaintiffs' First Set of Requests and (2) either requiring U.S. Bank to provide substantive responses to Plaintiffs' Second Set of Requests or deeming the matters stated in the Second Set of Requests to be admitted.

Dated: March 10, 2015

Respectfully submitted

/s/ Michael C. Dell'Angelo
Michael C. Dell'Angelo (PA 80910)
Jennifer MacNaughton
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 874-3000
Fax: (215) 875-4604
mdellangelo@bm.net

Daniel C. Girard
David Stein
Elizabeth Kramer
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94104
Tel: (215) 981-4800
Fax: (415) 981-4846
dcg@girardgibbs.com

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (866) 714-7112
Fax: (816) 714-7101

Douglas G. Thompson
Michael G. McLellan
Robert O. Wilson
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150

8

Washington, D.C. 20007
Tel: (202) 337-8000
Fax: (202) 337-8090

Adam J. Levitt
Edmund S. Aronowitz
John E. Tangren
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Tel: (312) 214-0000
Fax: (312) 214-0001
alevitt@gelaw.com
earonowitz@gelaw.com
jtangren@gelaw.com

*Plaintiffs' Executive Committee*