**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | Civil Action No: 12-cv-5546 Judge Sara L. Ellis Magistrate Judge Daniel G. Martin |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL
U.S. BANK'S PRODUCTION OF DOCUMENTS AND TO DETERMINE THE
SUFFICIENCY OF U.S. BANK'S OBJECTIONS TO REQUESTS FOR ADMISSION**

After Plaintiffs filed their motion to compel, (ECF No. 323), U.S. Bank provided

information that resolved several of the disputes raised in the motion. (*See* ECF Nos. 340-341.)

Plaintiffs submit this reply to respond to the bank's arguments on the two disputes that remain.

**I.      U.S. Bank Should Be Compelled To Produce Its Post-Collapse Policy-Related
Documents.**

U.S. Bank refuses to produce documents relating to its policies for maintaining customer

segregated accounts, but only to the extent such documents post-date Peregrine's collapse.

Plaintiffs had been led to believe this position was based on U.S. Bank's argument that the

responsive documents are protected as subsequent remedial measures. (ECF No. 325 Ex. B at

11-12 (objecting to Plaintiffs' request on subsequent remedial measure grounds).) U.S. Bank

does not raise that argument in its brief, however, likely because the law would not support it.

(*Compare id. with Jumper v. Yellow Corp.*, 176 F.R.D. 282, 284 (N.D. Ill. 1997) ("The standard

of admissibility established by Rule 407 for evidence of subsequent remedial measures is not the

same as that for pretrial discovery.") (quoting 2 WEINSTEIN, WEINSTEIN'S EVIDENCE ¶

407[07] at 407–44 (1996)).) U.S. Bank instead justifies its refusal to produce documents on the

grounds that its policies for customer segregated accounts are irrelevant. (*See, e.g.*, U.S. Bank Br

1

at 3 ("the content of a bank's policies and procedures do not give rise to liability").) There are four sound reasons for rejecting U.S. Bank's relevance argument.

*First*, both U.S. Bank and Plaintiffs have treated the bank's policies as relevant throughout the course of this litigation. U.S. Bank has produced all of its relevant policies, for example, completing that production less than two months ago.[1] (ECF No. 325 Ex. E at 12, 9.) U.S. Bank also tendered a deposition witness for the express purpose of testifying about the bank's customer segregated account policies. (Kramer Decl. at ¶ 2; Ex. A.) Finally, this Court previously ordered U.S. Bank to produce a number of its policies (after the bank raised no relevance objection and instead objected only on vagueness grounds). (ECF Nos. 229 and 228.) U.S. Bank does not acknowledge this about-face, let alone explain what changed during the past few months, so Plaintiffs can only assume the bank is attempting to conceal documents that would damage its case.

*Second*, U.S. Bank's relevance objection presumes that only bank *policies* would be responsive to the requests at issue. U.S. Bank has already produced its policies, however, and the requests at issue are reasonably likely to obtain additional relevant information. For example, in the wake of Peregrine's collapse, U.S. Bank executives may have sent emails stating that additional bank policies were not necessary because the true blame for the Peregrine loss was *not* on inadequate policies, but was instead attributable to bank employees either violating existing policies or refusing to investigate obviously suspicious circumstances. These communications would be responsive to the requests and relevant even under U.S. Bank's view of what Plaintiffs

---

[1] It is undisputed that U.S. Bank implemented new policies for maintaining customer segregated accounts after PFG's collapse. *See* CFTC v. U.S. Bank, N.A., No. 130cv-2041-LRR (N.D. Iowa) (ECF No. 112 at 12) ("Until after Wasendorf's suicide attempt in July 2012, U.S. Bank had no policies, procedures or training specifically applicable to FCM customers or customer segregated funds…. U.S. Bank implemented new policies relating to FCM clients after July 2012.").

must prove at trial. (*See* ECF No. 325 Ex. A at 3 (Request No. 85); *see also* ECF No. 256 (Order regarding U.S. Bank's motion to dismiss) at 4-5 (discussing relevance of the bank's violations of its internal policies).)

*Third*, U.S. Bank's relevance argument is based entirely on the elements of Plaintiffs' claim under the Illinois Fiduciary Obligations Act (IFOA), even though Plaintiffs have additional claims. Most notably, the Court sustained Plaintiffs' claim that U.S. Bank breached fiduciary duties that the bank owed directly to Peregrine's customers. (ECF No. 256 at 20.) That claim will turn on whether U.S. Bank incurred fiduciary obligations by agreeing to hold Peregrine's customer funds "in trust." (ECF No. 256 at 19-20.) If so, the bank's liability will turn on its overall conduct and exercise of care, and proof of inadequate policies could establish the necessary lack of care or prudence. *See, e.g.*, *Woolard v. Woolard*, No. 05 C 7280, 2007 WL 2789097, at *9 (N.D. Ill. Sept. 19, 2007), *aff'd*, 547 F.3d 755 (7th Cir. 2008) ("A trustee is liable for any loss resulting from his failure to exercise reasonable care, prudence, and diligence."); *Estate of Venturelli v. Granville Nat'l Bank*, 370 N.E.2d 290, 293 (Ill. Ct. App. 1977) (fiduciaries must "exercise [the] degree of skill and diligence which an ordinarily prudent man bestows on his own similar private affairs").

*Fourth*, U.S. Bank's relevance argument misstates Plaintiffs' burden under the IFOA. U.S. Bank argues Plaintiffs will need to prove that bank employees were suspicious of Wasendorf but decided not to investigate. (U.S. Bank Br. at 2 (quoting *Mikrut v. First Bank of Oak Park*, 832 N.E. 2d 376, 385 (Ill. Ct. App. 2005).) Illinois courts have explained that is just "[a]n example" of how bad faith can be established, however. *Mikrut*, 832 N.E. 2d at 385. Bad faith can also be established by showing that a bank implemented "commercially unreasonable" policies. *Cont'l Cas. Co. v. Am Nat'l Bank & Trust Co. of Chicago*, 768 N.E. 2d 352, 366 (Ill. Ct.

App. 2002) ("it was commercially unjustifiable for the bank to institute a procedure that permitted [the particular type of] theft to occur") (quoting *Master Chem. Corp. v. Inkrott*, 55 Ohio St.3d 23, 28 (1990)); *see also id.* at 367 (holding the plaintiff stated a claim because "it was commercially unreasonable for [the defendant bank] to establish and maintain [the] ATM deposit procedure" that led to the plaintiff's losses).

As discussed in other briefing pending before this Court, Plaintiffs' legal theory under the IFOA is based in part on U.S. Bank's egregious lack of policies and training during the relevant time period. (ECF No. 350.) Most notably, U.S. Bank promised in writing to maintain Peregrine's 1845 account as a customer segregated account, and formally acknowledged the bank understood the account was subject to federal law, even though U.S. Bank had *zero* policies or employee training for customer segregated accounts. (ECF No. 350 Ex. D at 2.) With no policies or training, the bank predictably mishandled the 1845 account. U.S. Bank immediately titled the 1845 account in a manner that violated federal law. (*Id.*) U.S. Bank policies allowed the account to be treated exactly like an ordinary checking account, rather than a highly regulated fiduciary account. (*Id.*) And U.S. Bank assigned untrained account relationship managers who—in U.S. Bank's own words—never "understood the account to be a CEA customer segregated account or even understood what a customer segregated account was." (*Id.*; *U.S. Commodity Futures Trading Commission v. U.S. Bank, NA*, No. CV 13-2041, Dkt. # 44-1 Ex. 2 at 4.) U.S. Bank may try to defend this lack of policies and training at trial, but should not be allowed to thwart Plaintiffs' further development of evidence in the meantime.

Relatedly, U.S. Bank's interpretation of the IFOA is not supported by the Court's ruling on the bank's motion to dismiss. Although U.S. Bank stresses the ruling's lack of discussion of the bank's policies, the reason the ruling says little about U.S. Bank policies is that the Court was

4

sustaining allegations in a complaint that predated much of the policy- and training-related

discovery. (ECF No. 169 (operative complaint filed on January 31, 2014).) It was not until over

five months *after* the complaint was filed, for example, that U.S. Bank's corporate designee

testified about bank policies and procedures. (Kramer Decl. at ¶ 2.) And it was not until several

more months had passed, that the bank's two relationship managers finished testifying about

their training. (Kramer Decl. at ¶ 3.) Since this evidence was developed well after the filing of

the operative complaint, it was not pled in any detail, and the Court's ruling turned on other

factors. As a result, the ruling cannot be construed as judging the probative value of this

evidence.

**II.     U.S. Bank's Objections To Plaintiffs' Requests for Admission Should Be Overruled.**

U.S. Bank's objection to Plaintiffs' Requests for Admission No. 26 and 27 should be

overruled. Whether the existence of a fiduciary duty is primarily a question of law or fact is not

determinative of whether a request is proper under Rule 36. The inquiry is whether the request

relates to the facts of the case such that its answer can narrow the issues at trial. Requests 26 and

27 both meet that standard.

Rule 36 was amended to expressly permit requests that require the application of law to

fact, and, as the Advisory Committee Notes indicate, the Rule "thereby eliminates the

requirement that the matters be 'of fact.'" Fed. R. Civ. P. 36; *see also* Committee Notes to Fed.

R. Civ. P. 36 (1970) ("An admission of a matter involving the application of law to fact may, in a

given case, even more clearly narrow the issues."). U.S. Bank's reliance on distinguishing

between whether a request poses questions primarily of fact instead of law is thus misplaced—

many applications of law to facts will involve substantial questions of law. Instead, the proper

focus is whether the requests involve the particular facts of the case. *Ferrell v. U.S. Dep't of*

*Hous. & Urban Dev.*, No. 73 C 334, 1998 WL 30699, at *1 (N.D. Ill. Jan. 22, 1998) ("after the

1970 amendments, the only requests to admit unpermitted in scope are 'admissions of law unrelated to the facts of the case.'") (citing Committee Notes to Fed R. Civ. P. 36); *cf. Hanley v. Como Inn*, No. 99 C 1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003) (declining to enforce a request "to admit to a provision of ERISA").

Plaintiffs' Requests for Admission No. 26 and 27 ask U.S. Bank to admit that Peregrine and its owner, Russell Wasendorf Sr., owed fiduciary duties to Peregrine's customers. These requests are proper under Rule 36 because they ask U.S. Bank to apply law to the specific facts of this case, and the answers will help the parties determine which issues are in genuine dispute for trial. U.S. Bank's objections should thus be overruled and the bank should be ordered to admit or deny the statements.

Dated: March 10, 2015                 /s/ *Elizabeth A. Kramer*

                         Daniel C. Girard
                         Amanda M. Steiner
                         David Stein
                         Elizabeth A. Kramer
                         **GIRARD GIBBS LLP**
                         601 California Street, Suite 1400
                         San Francisco, CA 94104
                         Telephone: (415) 981-4800
                         Facsimile: (415) 981-4846

                         Merrill G. Davidoff
                         Michael C. Dell'Angelo
                         Jennifer MacNaughton
                         **BERGER & MONTAGUE, P.C.**
                         1622 Locust Street
                         Philadelphia, PA 19103
                         Telephone: (215) 875-3000
                         Fax: (215) 875-4604

                         *Co-Lead Counsel for Plaintiffs*
                         *and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2015 a true and correct copy of the foregoing

Plaintiffs' Reply in Support of their Motion to Compel U.S. Bank's Production of Documents

and to Determine the Sufficiency of U.S. Bank's Objections to Request for Admission was filed

electronically using the CM/ECF system, which caused copies to be delivered to all counsel of

record.

/s/ *Elizabeth A. Kramer*