IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | Civil Action No: 12-cv-5546<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Daniel G. Martin |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES**

Customer Representative Plaintiffs Brian Pannkuk, Jordan Robinson, Joe Martano, Marcus Ibrahim, William Robert Evans, III, Gurvaneet Randhawa, and Patricia Benvenuto,[1] on behalf of themselves and others similarly situated, hereby move for preliminary approval of the proposed class-wide settlement with Defendant U.S. Bank, N.A. and Ira Bodenstein (the "Trustee") in his capacity as Chapter 7 Trustee for the estate of Peregrine Financial Group, Inc. ("PFG"). In support of their motion, Plaintiffs state as follows:

1. The proposed settlement mutually resolves claims between Plaintiffs, U.S. Bank, N.A., and the Trustee. Pursuant to its terms, U.S. Bank, N.A. will make a cash payment to the proposed settlement class of $44.5 million and dismiss with prejudice its appeal of this Court's Order granting final approval of plaintiffs' settlement with former defendant JP Morgan Chase, N.A.

2. As explained in Plaintiffs' Memorandum of Law accompanying this Motion, which is incorporated herein by reference, the settlement satisfies the applicable legal

---

[1] As defined in the Settlement Agreement, the Customer Representative Plaintiffs are Brian Pannkuk, Jordan Robinson, Joe Martano, Marcus Ibrahim, William Robert Evans, III, Gurvaneet Randhawa, and Patricia Benvenuto.

1

requirements for preliminary approval; the proposed settlement class satisfies the requirements of Federal Rule of Civil Procedure 23 for class certification; and the form and manner of notice are fair and reasonable.

3. The proposed settlement is fair, reasonable, and well within the range of possible approval as per the factors courts in this Circuit have prescribed for considering preliminary approval.

    a. The $44.5 million settlement is an excellent result in light of the strengths, weaknesses, and uncertainties of Plaintiffs' claims.

    b. The complexity, length, and expense of continued litigation weigh in favor of settlement.

    c. There is no significant opposition to the settlement, and based on their communications with the class representatives, class counsel believe the settlement will enjoy broad support.

    d. Class counsel, who are highly experienced in class action and complex litigation, believe the Settlement is in the best interests of the settlement class.

    e. Class counsel have adequate information to make a fully-informed assessment of the settlement based on the substantial discovery and motion practice that has occurred over several years of litigation.

    f. The settlement is the result of arm's-length negotiation, facilitated by a former federal judge mediator, and does not unfairly favor Plaintiffs or Class counsel.

4. All of the Rule 23 requirements for certifying the proposed settlement class are met here.

    a. The proposed settlement class includes thousands of individuals and entities that are so numerous and dispersed throughout the country that joinder would be impracticable.

    b. There are numerous factual and legal issues common to the class, including the questions surrounding U.S. Bank's alleged course of conduct involving PFG's customer segregated account.

    c. The customer representative plaintiffs' claims are typical of those of the class because they arise from the same course of conduct and are based on the same legal theories.

    d. The customer representative plaintiffs and class counsel are adequate to represent the class, as they have no conflicts of interest with any class members and class counsel are well qualified to represent the class.

    e. Common issues predominate over individualized issues (if any), because the central liability questions regarding U.S. Bank's alleged duties to the class and any breach of those duties are the same for all Class members and would be established at trial using common proof.

    f. A class action is the superior means of resolving this litigation, which involves thousands of class members, many of whose claims are relatively small compared to the costs of litigation.

5. The proposed form and manner of providing Notice of the proposed Settlement are fair and adequate. The short-form and long-form Notices, attached as Exhibits B-1 and B-2 to

the Declaration of Daniel C. Girard filed in support of this Motion, clearly explain the Settlement and inform potential Class members of their rights, including their right to opt out of the Settlement.[2] The manner of distributing notice, by mail and email (as described in the Proposed Preliminary Approval Order attached to the Girard Declaration as Exhibit E), represents the best means practicable.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order, substantially in the form attached to the Girard Declaration as Exhibit E: (1) preliminarily approving the Settlement Agreement; (2) certifying the Settlement Class for settlement purposes; (3) approving the proposed form and manner of notice; and (4) setting a fairness hearing.

Dated: June 18, 2015

Respectfully submitted,

/s/ *Daniel C. Girard*

Daniel C. Girard
Amanda M. Steiner
David Stein
Elizabeth A. Kramer
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Michael C. Dell'Angelo
Jennifer MacNaughton
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

---

[2] Pursuant to the terms of the Settlement Agreement, U.S. Bank shall have the right, but not the obligation, to withdraw from and terminate the Settlement in its entirety and to render the Settlement Agreement null and void in the event that certain opt-out thresholds are met.

        Norman E. Siegel
        **STUEVE SIEGEL HANSON LLP**
        460 Nichols Road, Suite 200
        Kansas City, Missouri 64112
        Telephone: (866) 714-7112
        Facsimile: (816) 714-7101

        *Counsel for Plaintiffs*
        *and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2015, a copy of the foregoing document was filed electronically with the United States District Court for the Northern District of Illinois. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ *Daniel C. Girard*