# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: ) | BK No.: | 12-27488 |
| PEREGRINE FINANCIAL GROUP, INC., ) | | |
| ) | Chapter: | 7 |
| ) | Honorable Carol A. Doyle | |
| ) | | |
| ) | | |
| Debtor(s) ) | | |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH U.S. BANK NATIONAL ASSOCIATION AND CUSTOMER REPRESENTATIVE PLANTIFFS**

Upon consideration of the Trustee's Motion to Approve Settlement with U.S. Bank National Association and Customer Representative Plaintiffs (the "Motion" – any capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion) filed by Ira Bodenstein, not personally, but as duly appointed chapter 7 trustee (the "Trustee") for the estate (the "Estate") of Peregrine Financial Group, Inc. d/b/a PFG Best, for entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rules 2002, 6004, 9007 and 9019 of the Federal Rules of Bankruptcy Procedure, (i) approving a conditional compromise of various claims by and among, the Trustee, on behalf of the Estate, U.S. Bank National Association, and Brian Pannkuk, Jordan Robinson, Joe Martano, Marcus Ibrahim, William Robert Evans, III, Gurvaneet Randhawa, and Patricia Benvenuto, as well as any additional class representative plaintiffs as are appointed or may be appointed in the future by the District Court in the Customer Class Action (collectively, the "Customer Representative Plaintiffs") and (ii) authorizing the Trustee to enter into the related Settlement Agreement (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A; due and proper notice of the Motion having been provided; the Court being duly advised in the premises and having determined that the proposed compromise and Agreement are in the best interests of the Estate; it is hereby ORDERED:

1. Notice of the Motion as provided for therein is sufficient and further notice is waived for cause.

2. The Trustee is authorized to compromise the Released Trustee Claims and the U.S. Bank Proof of Claim on the terms and conditions set forth in the Settlement Agreement.

3. The Settlement Agreement attached hereto as Exhibit A is approved.

4. The Trustee is authorized to execute, deliver and perform the Settlement Agreement and any other documents that may be necessary to effectuate the Settlement.

5. The Court finds that in entering into the Settlement, the Customer Representative Plaintiffs and the Trustee and their attorneys have acted pursuant to their respective obligations and in accordance with the Cooperation Agreement approved by this Court by an amended order entered on January 9, 2014, and upon consummation of the Settlement in accordance with its terms and the orders of this Court, the Customer Representative Plaintiffs and the Trustee shall have fully performed their obligations thereunder, and none of the Customer Representative Plaintiffs or their counsel, or the Trustee or his counsel, shall have any liability to any party for entering into the Settlement, or for acts done in furtherance of their obligations under the Settlement, the Settlement Agreement or other orders

of this Court.

    6. The Court shall retain jurisdiction to enforce this Order and the Settlement Agreement.

                                                Enter:

Dated:                                             United States Bankruptcy Judge

**Prepared by:**
Mark L. Radtke (#6275738)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Phone: (312) 541-0151
Counsel for the Trustee