EXHIBIT B-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | Civil Action No. 12-cv-5546<br><br>Notice of Proposed Class Action Settlement, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses |

**IF YOU WERE A COMMODITIES OR FUTURES CUSTOMER OF PEREGRINE FINANCIAL GROUP ("PFG"), YOU COULD RECEIVE A PAYMENT FROM A SETTLEMENT WITH U.S. BANK NATIONAL ASSOCIATION**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- This class action settlement resolves class action claims brought by PFG customers against U.S. Bank National Association ("U.S. Bank"). The settlement is the result of an agreement between the customer plaintiffs, U.S. Bank, and the PFG bankruptcy trustee. A full and complete copy of the Settlement Agreement can be found at [website].

- The plaintiffs in this case are PFG customers whose funds were deposited by PFG into allegedly segregated customer accounts at U.S. Bank and JPMorgan Chase Bank, N.A. ("JPMorgan"). In July 2012, PFG's founder, Russell Wasendorf Sr., admitted that he had diverted PFG's customers' funds for his own personal use. The plaintiffs filed a class action lawsuit on July 13, 2012, alleging that Wasendorf Sr. would not have been able to divert their funds from allegedly segregated customer accounts if U.S. Bank and JPMorgan had not breached their legal duties to PFG's customers.

- PFG filed a voluntary petition for bankruptcy relief in the U.S. Bankruptcy Court for the Northern District of Illinois on July 10, 2012. Ira Bodenstein was appointed to serve as the bankruptcy trustee for PFG's estate. This settlement is with U.S. Bank only. The plaintiffs reached a settlement of their claims against JPMorgan on March 7, 2014. The court granted final approval of the plaintiffs' settlement with JPMorgan on January 27, 2015. On February 27, 2015, U.S. Bank appealed the court's order granting final approval of plaintiffs' settlement with JPMorgan. As a result, the proceeds of plaintiffs' settlement with JPMorgan have not been distributed and cannot be distributed unless and until U.S. Bank's appeal fully and finally is resolved in plaintiffs' favor or dismissed with prejudice.

- This settlement with U.S. Bank consists of U.S. Bank's cash payment of $44,500,000 and U.S. Bank's agreement to dismiss with prejudice its appeal of plaintiffs' settlement with JPMorgan.

- Your legal rights are affected whether you act or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you do not have an allowed claim in the PFG bankruptcy case and wish to participate in the settlement, you must file a claim following the instructions in this notice (including paragraph 11 below) to receive any payment. |
| **DO NOTHING** | If you have an allowed claim in the PFG bankruptcy case, you will automatically receive a payment unless you choose to exclude yourself.<br><br>If you do not have an allowed claim in the PFG bankruptcy and do not file a claim following the instructions in this notice (including paragraph 11 below), you will receive nothing from this settlement but will be bound by its terms unless you choose to exclude yourself. |
| **EXCLUDE YOURSELF** | If you exclude yourself, you will not share in the payment made by U.S. Bank to settle this case. This is the only option that allows you to be part of any other legal proceeding against U.S. Bank about the claims in this case. |
| **OBJECT OR COMMENT** | You may write to the District Court about why you do or do not like the settlement. |
| **GO TO A HEARING** | You may ask to speak to the District Court about the fairness of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The District Court has to decide whether to approve the Settlement. Payments will be made if the District Court approves the settlement and after any appeals are resolved. Please be patient.

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION** ................................................................................................................................................**PAGE 3**
    1.   Why did I receive this notice?
    2.   What is this lawsuit about?
    3.   Why is the case a class action?
    4.   Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ................................................................................................................................**PAGE 3**
    5.   How do I know if I am part of the settlement?
    6.   How do I know if I have an allowed claim in the PFG bankruptcy case?
    7.   Are there exceptions to being included?
    8.   I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU RECEIVE** ........................................................................................**PAGE 4**
    9.   What does the settlement provide?
    10.  How much will my payment be?

**HOW YOU RECEIVE A PAYMENT** .........................................................................................................................**PAGE 4**
    11.  How can I receive a payment?
    12.  When would I receive my payment?
    13.  What am I giving up to receive a payment or stay in the class?

**YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT** ..............................................................................**PAGE 4**
    14.  How do I exclude myself from the class and the settlement?
    15.  What are the consequences if I exclude myself?
    16.  If I don't exclude myself, can I sue U.S. Bank for the same thing later?
    17.  If I exclude myself, will I receive a payment from this settlement?

**THE LAWYERS REPRESENTING YOU** ..................................................................................................................**PAGE 5**
    18.  Do I have a lawyer in this case?
    19.  How will the lawyers be paid?

**COMMENTING ON THE SETTLEMENT** .................................................................................................................**PAGE 5**
    20.  How do I tell the Court what I think about the settlement?
    21.  What is the difference between objecting and excluding?

**THE DISTRICT COURT'S SETTLEMENT HEARING** .............................................................................................**PAGE 5**
    22.  When and where will the District Court decide whether to approve the settlement?
    23.  Do I have to attend the settlement hearing?
    24.  May I speak at the settlement hearing?

**IF YOU DO NOTHING** ............................................................................................................................................**PAGE 6**
    25.  What happens if I do nothing?

**GETTING MORE INFORMATION** ..........................................................................................................................**PAGE 6**
    26.  Are there more details about the settlement?
    27.  How do I get more information?

**EXHIBIT A: THE PLAN OF ALLOCATION** ............................................................................................................**PAGE 7**

## BASIC INFORMATION

### 1. Why did I receive this notice?

This notice was sent to you because you currently maintain or formerly maintained a commodity futures or option account with PFG or you are a current or former PFG customer with an account opened for the purpose of trading futures or options on futures on a U.S. futures exchange under section 4d of the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.*, and 17 C.F.R. § 1.20.

You received this notice because you have a right to know about a proposed settlement of a class action lawsuit and all of your options before the Court decides whether to approve the settlement. If the Court approves the settlement, and after any objections and appeals are resolved, the settlement payments will be made to qualified class members who have an allowed claim in the bankruptcy or who submit a claim form.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Illinois. The case is called *In re Peregrine Financial Group Customer Litigation*, Civil Action No. 12-cv-5546. The people who sued are called plaintiffs, and the people and companies they sued, including U.S. Bank, are called the defendants.

### 2. What is this lawsuit about?

This case involves the loss of customer money which applicable law required PFG and its senior management to hold in segregated accounts for the protection of customers. The plaintiffs allege that customers' money was stolen from allegedly "customer segregated accounts" maintained by PFG with U.S. Bank and JPMorgan and that this theft could not have occurred if the banks had not breached the legal duties they owed to PFG's customers. The plaintiffs allege that U.S. Bank failed to properly title, maintain and oversee a PFG customer segregated account. Plaintiffs also allege that U.S. Bank violated the law by allowing Wasendorf to improperly transfer millions of dollars in PFG customer money from a customer segregated account at U.S. Bank to his own use.

### 3. Why is the case a class action?

In a class action, one or more people called the representative plaintiffs sue on behalf of people who have similar claims. All these people with similar claims are a class or class members. One court resolves the issues for all class members. The representative plaintiffs in this class action are Brian Pannkuk, Jordan Robinson, Joe Martano, Marcus Ibrahim, William Robert Evans, III, Gurvaneet Randhawa, and Patricia Benvenuto.

### 4. Why is there a settlement?

The Court did not decide in favor of the plaintiffs or the defendants. The settlement resolves the actual and potential claims by and between the plaintiffs, the bankruptcy trustee, and U.S. Bank. The plaintiffs settled their claims with JPMorgan on March 14, 2014; therefore JPMorgan is not part of this settlement. However, as part of plaintiffs' settlement with U.S. Bank, U.S. Bank has agreed to dismiss with prejudice its appeal of plaintiffs' settlement with JPMorgan.

This settlement allows the plaintiffs, the bankruptcy trustee, and U.S. Bank to avoid the risks and cost of complex litigation and the uncertainty of trial and appeals, including U.S. Bank's appeal of the JPMorgan settlement, and permits PFG customers to be compensated by U.S. Bank without further delay as well as paying their claims with the proceeds from the JPMorgan settlement. Plaintiffs and their counsel believe that this settlement with U.S. Bank is in the best interests of all class members. U.S. Bank has denied and continues to deny all allegations against it.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the settlement?

This settlement includes all persons or entities who held money, property, and/or securities pursuant to 7 U.S.C. § 6d(a)(2) at PFG as of July 10, 2012. If you filed a claim regarding those accounts that is allowed in the PFG bankruptcy case, you are part of the settlement. You may be a class member even if you did not file a claim in the PFG bankruptcy case.

### 6. How do I know if I have an allowed claim in the PFG bankruptcy case?

To find out if you have an allowed claim in the PFG bankruptcy case, you may search the Proof of Claims Docket on the Peregrine Financial Group, Inc. Trustee's Website at: www.omnimgt.com.

### 7. Are there exceptions to being included?

Yes. You may not participate in this settlement if:

- You are a 30.7 customer, meaning that you opened an account for the purpose of trading futures or options on futures contracts traded on foreign boards of trade in accordance with 17 C.F.R. § 30.7; or
- You are named as a defendant in the Consolidated Amended Class Action Complaint, or are an immediate family member, parent, subsidiary, or affiliate of any defendant, who held money, securities, or property at PFG; or
- You are a parent, subsidiary or affiliate of PFG that held money, securities, or property at PFG; or
- You exclude yourself by submitting a request for exclusion that complies with the requirements and deadline set forth in the response to Question 14 below.

### 8. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call [phone number] or visit [website] for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU RECEIVE

### 9. What does the Settlement provide?

The settlement provides that U.S. Bank will make a cash payment of $44,500,000 to fully and finally resolve plaintiffs' claims and that U.S. Bank will dismiss with prejudice its appeal of plaintiffs' settlement with JPMorgan.

### 10. How much will my payment be?

All class members will receive a distribution from U.S. Bank's $44,500,000 cash payment. You can find further details about the distribution of these funds in the Plan of Allocation, which is attached as Exhibit A to this notice, and the Settlement Agreement.

## HOW YOU RECEIVE A PAYMENT

### 11. How can I receive a payment?

If you have an allowed claim in the PFG bankruptcy case as described in the answer to Question 5 above, you will automatically receive a payment from this settlement unless you exclude yourself. You do not need to file another claim form.

If you do not have an allowed claim in the PFG bankruptcy case, you must submit a claim form to participate in this settlement. You may download the claim form, entitled "Commodity Futures Customer Claim Form—Peregrine Financial Group, Inc.—U.S. Bank Settlement," from www.omnimgt.com. Please read the instructions carefully, fill in all requested information, and attach any supporting documents that are required. **Claim forms must be postmarked by [date], or filed online by midnight on [date].**

### 12. When would I receive my payment?

The Court will hold a hearing on **[date]**, to decide whether to approve the settlement. If the Court approves the settlement, the claims administrator will review all of the claim forms to determine how much each claimant will receive. This process will likely take several months.

### 13. What am I giving up to receive a payment or stay in the class?

Unless you exclude yourself, you will stay in the class and receive a payment from the settlement. By staying in the class, you will give up any right you may have to sue, continue to sue, or be part of any other lawsuit, arbitration or administrative action against U.S. Bank, as well as the Released Defendants (as defined in the Settlement Agreement). The full text of the release is set forth in the Settlement Agreement, which you may obtain at [website] or by calling [telephone number]. You will also be bound by the Court's orders in this case.

## YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14. How do I exclude myself from the class and the settlement?

Any request for exclusion from the class must be in writing, and must be delivered by hand, overnight delivery service, or first class mail to the following address:

*In re Peregrine Financial Group Customer Litigation*
NOTICING AGENT
EXCLUSIONS
c/o [company]
[address]
[address]

The request for exclusion must be **received no later than [date]**. The request for exclusion must be signed by the person requesting exclusion and must include the following information: (a) your name, address, telephone number and, if applicable, e-mail addresses; (b) proof of the money, property or securities you held in a commodity futures or option account with PFG; and (c) a statement that you request exclusion from the Settlement Class in the Customer Class Action consolidated into *In re Peregrine Financial Group Customer Litigation*, Case No. 12-cv-5546 (N.D. Ill.) (SLE).

### 15. What are the consequences if I exclude myself?

If you exclude yourself from the settlement—which is sometimes called "opting out"—you will not be eligible to receive any portion of the $44,500,000 U.S. Bank settlement payment. You will not be legally bound by the Court's orders in the case, including the release of claims, and you will not be barred from pursuing your separate claim against U.S. Bank or the Released Defendants.

### 16. If I don't exclude myself, can I sue U.S. Bank for the same thing later?

No. If you remain a member of the class, you are giving up any right to sue U.S. Bank or any of the other Released Defendants for any of the Released Claims, as those terms are described in the Settlement Agreement.

### 17. If I exclude myself, will I receive a payment from this settlement?

If you exclude yourself, you will not receive any portion of the $44,500,000 U.S. Bank settlement payment.

## THE LAWYERS REPRESENTING YOU

### 18. Do I have a lawyer in this case?

The Court has appointed the law firms of Girard Gibbs LLP and Berger & Montague, P.C. to represent you and the class members. These lawyers are called Co-Lead Counsel. You will not be charged directly for the services provided by these lawyers. Their fees will be paid from the settlement fund in an amount to be approved by the Court, as described in the response to Question 19. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19. How will the lawyers be paid?

Co-Lead Counsel have prosecuted this matter on an entirely contingent basis. When they ask the Court to approve the settlement, Co-Lead Counsel will also ask the Court to approve a payment of up to 31% percent of U.S. Bank's $44,500,000 cash payment for attorneys'

fees. Co-Lead Counsel will also ask the Court to approve payment of up to $500,000 for the expenses they have incurred and the payment of service awards of up to $5,000 to each of the nine individuals who acted as class representatives for their contribution to the litigation. The Court will decide whether to approve the payment of attorneys' fees, expenses, and service awards, and may award less than these amounts. These amounts will be paid from the settlement fund and will reduce the total amount of the fund distributed to class members. In addition, Co-Lead Counsel will ask the Court to approve payment to the claims administrator of reasonable costs for administering the settlement under the Court's supervision. Co-Lead Counsel anticipate that these administration costs will not exceed $50,000. The administration costs will also be paid from the settlement fund before any distribution to class members.

## COMMENTING ON THE SETTLEMENT

You may tell the District Court that you agree or do not agree with the settlement or any part of it.

### 20. How do I tell the District Court what I think about the Settlement?

If you are a member of the class, you can submit a comment in support of or objecting to the settlement. You must give reasons why you think the District Court should or should not approve it and include copies of any papers, briefs or other documents upon which any objection is based. The District Court will consider your views. To submit a comment, you must send a signed letter that includes the name of the case—*In re Peregrine Financial Group Customer Litigation*, N.D. Ill. Civil Action No. 12-cv-5446 (SLE)—as well as your name, address and telephone number, and the reasons you support or object to the settlement. Your objection must include documents sufficient to prove membership in the settlement class. Your objection must also include your signature, even if you are represented by counsel.

If you do not present your views in writing in compliance with these procedures by the deadline, your views will not be considered, and you will waive any objections you have.

Mail your comment to each of these five different places so that it is received by each no later than **[date]**:

| DISTRICT COURT | CO-LEAD COUNSEL | CO-LEAD COUNSEL | DEFENSE COUNSEL | TRUSTEE COUNSEL |
|---|---|---|---|---|
| Clerk of the Court<br>United States District Court for the Northern District of Illinois<br>Eastern Division<br>219 South Dearborn St.<br>Chicago, IL 60604 | Daniel C. Girard<br>GIRARD GIBBS LLP<br>601 California St., 14th Floor<br>San Francisco, CA 94108<br>(415) 981-4800 | Michael C. Dell'Angelo<br>BERGER & MONTAGUE, P.C.<br>1622 Locust St.<br>Philadelphia, PA 19103<br>(215) 875-3000 | Eric R. Sherman<br>DORSEY & WHITNEY LLP<br>50 South Sixth St., Ste. 1500<br>Minneapolis, MN 55402<br>(612) 340-2600 | Mark L. Radtke<br>SHAW FISHMAN GLANTZ & TOWBIN LLC<br>321 N. Clark Street, Suite 800<br>Chicago, IL 60654<br>(312) 276-1325 |

### 21. What is the difference between objecting and excluding?

Objecting is simply telling the District Court that you are opposed to the settlement. You can object only if you stay in the class. Excluding yourself is telling the District Court that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE DISTRICT COURT'S SETTLEMENT HEARING

The District Court will have a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to do so. If you wish to speak at the hearing, follow the instructions in the response to Question 24 below.

### 22. When and where will the District Court decide whether to approve the settlement?

The District Court will hold a settlement hearing on [DATE], at [TIME] at the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may also decide how much to pay in fees and expenses to the Court-appointed attorneys for the class, and in service awards to the Class Representatives. The Court will listen to people who have asked to speak at the hearing or object to the fairness of the settlement or the fee award, and who have complied with the Court's order concerning the submission of objections prior to the settlement hearing. At or after the hearing, the Court will decide whether to approve the settlement. The Court may change the time or date for the settlement hearing without further notice. If you wish to attend the settlement hearing and would like to know if the date and time of the hearing have changed, you may contact Co-Lead Counsel.

### 23. Do I have to attend the settlement hearing?

No. Co-Lead Counsel will answer any questions the District Court may have. You may attend at your own expense or you can pay your lawyer to attend, but it is not necessary. If you send a written comment or objection, you do not have to come to Court to talk about it. As long as you mailed your written comment or objection on time and in compliance with the requirements described in response to Question 20, the Court will consider it. However, if you do not present your written views in compliance with these procedures by the deadline, your views will not be considered, and you will waive any objections you have.

### 24. May I speak at the settlement hearing?

If you do not exclude yourself, you may ask the District Court for permission to speak at the settlement hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Peregrine Financial Group Customer Litigation*, N.D. Ill. Civil Action No. 12-cv-5446 (SLE)." You must include your name, address, telephone number and signature, state the position you intend to present at the hearing, and identify all attorneys representing you who will appear at the hearing. Your Notice of Intention to Appear must be sent to the Clerk of the District Court, Co-Lead Counsel, Defense Counsel and Counsel for the Trustee at the five addresses provided in the response to Question 20 above, and must be received no later than [DATE].

**IF YOU DO NOTHING**

| **25. What happens if I do nothing?** |
|---|

If you have an allowed claim in the PFG bankruptcy case and do nothing, you will automatically receive a payment from this settlement unless you exclude yourself. You will give up any right you may have to sue, continue to sue, or be part of any other lawsuit, arbitration or administrative action against U.S. Bank, as well as the Released Defendants (as defined in the Settlement Agreement). You will also be bound by the District Court's orders in this case.

If you do not have an allowed claim in the PFG bankruptcy case and do not file a claim following the instructions in this notice (including paragraph 11 above), you will not receive a payment from this settlement, but will be bound by its terms unless you choose to exclude yourself.

If you choose to exclude yourself, you will not receive a payment from this settlement, but you will not be legally bound by the Court's orders in the case, including the release of claims, and you will not be barred from pursuing your separate claim against U.S. Bank or the Released Defendants.

**GETTING MORE INFORMATION**

| **26. Are there more details about the settlement?** |
|---|

This notice provides only a summary of the proposed settlement. For more details, you may review the Settlement Agreement and other documents from the case at [website].

| **27. How do I get more information?** |
|---|

For more information about the Settlement, you can call [telephone number] toll free, visit [website], or write to [address].

Please do not contact the Court with questions about the Settlement.

DATE: [DATE]    BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**EXHIBIT A: THE PLAN OF ALLOCATION**

1. Capitalized terms not otherwise defined herein shall have the same meaning attributed to such terms in the Settlement Agreement.
2. Upon the Effective Date, the Net Settlement Fund shall be distributed to Settlement Class Members in accordance with this Plan of Allocation.
3. Settlement Class Members who hold an Allowed Claim in the Bankruptcy Case are not required or permitted to file a claim in connection with the Settlement, and will automatically participate in the Settlement through the Bankruptcy Case, subject to Paragraph 9 hereof.
4. Settlement Class Members who do not hold an Allowed Claim in the Bankruptcy Case are required to file a claim to participate in the Settlement. A Settlement Class Member who files such a claim is referred to as a "New Claimant."
5. Each Settlement Class Member who is a New Claimant shall receive a share of the Net Settlement Fund that is determined by multiplying the amount of such New Claimant's timely claim as approved in the Customer Class Action by a payment ratio computed as: the Net Settlement Amount divided by $215,000,000.00. In order to reduce administrative costs, no disbursement will be made to a New Claimant if the New Claimant's share of the Settlement Fund as computed in this paragraph will be less than $10.00.
6. The aggregate amount to be disbursed to New Claimants shall under no circumstances exceed 50% of the Net Settlement Fund. If the total disbursable amount to New Claimants would exceed 50% of the Net Settlement Fund, then the payments to New Claimants shall be reduced proportionately.
7. After the determination of the aggregate amount to be disbursed to the New Claimants, the balance of the Net Settlement Fund shall be transferred to the Trustee for distribution to Settlement Class Members who hold Allowed Claims in the Bankruptcy Case.
8. All disbursements to Settlement Class Members who hold Allowed Claims in the Bankruptcy Case shall be made by the Trustee. All disbursements to New Claimants shall be made by Co-Lead Counsel or such other person as the Parties may designate, in writing.
9. Notwithstanding the foregoing, however, no member of the Settlement Class who delivers a valid and timely request for exclusion from the Settlement Class shall receive any portion of the Net Settlement Fund.
10. This Plan of Allocation is severable from the remainder of the Agreement. Approval of the Plan of Allocation by the District Court is not an integral part of, or a condition for, the effectuation of any other portion of the Agreement. Similarly, any modification of this Plan of Allocation will not affect the any other provision of the Agreement.