EXHIBIT B-3

## CLASS ACTION PROOF OF CLAIM

**NO SECOND CLAIM FORM REQUIRED**:  If you have completed a "Bankruptcy Proof of Claim Form" and filed that form on a timely basis with Ira Bodenstein (the "Trustee"), not personally, but as Chapter 7 Trustee for the estate of Peregrine Financial Group, Inc. ("PFG") in the proceeding captioned *In re Peregrine Financial Group, Inc.*, Case No. 12-B-27488 (the "Bankruptcy Case"), and you wish to participate the Settlement, then you do not need to complete this Proof of Claim.

**IF YOU HAVE NOT PREVIOUSLY SUBMITTED A BANKRUPTCY PROOF OF CLAIM, THEN YOU MUST COMPLETE THIS CLASS ACTION PROOF OF CLAIM:** If you have **not** completed a "Bankruptcy Proof of Claim Form," and you wish to share in the proceeds of the Settlement between the Trustee, the Customer Representative Plaintiffs in the *In re Peregrine Financial Group Customer Litigation*, Case No. 12-CV-5546, and U.S. Bank National Association, and its parents, subsidiaries and affiliates ("U.S. Bank" or the "Bank") (the "Settlement"), you should complete this Proof of Claim Form and return it to the Claims Administrator by [60 days after the Notice Date].

Electronic Copies of all claim forms are available at the Trustee's website, http://www.omnimgt.com.

You are urged to read these and the other enclosed documents carefully.  They explain steps to protect any rights and claims you may have in litigation captioned above.

You may have received open commodity positions and/or cash or cash equivalents through court-authorized bulk transfers resulting from the efforts of the Trustee, the Commodity Futures Trading Commission, and numerous derivatives clearing organizations, including the Chicago Mercantile Exchange.  Regardless of any transfer of any portion of your account, if PFG (the "Debtor") still owes you cash or other property from one or more commodity futures customer accounts, you must fill out this Class Action Proof of Claim if you would like to share in the proceeds of the Settlement unless you have previously completed and filed one or more commodity futures customer Bankruptcy Proof of Claim Forms and filed such form(s) with the Trustee.  All Class Action Proof of Claim forms must be filed with the Claims Administrator via email at [TBD] OR sent to the Claims Administrator via certified mail, return receipt requested, to one of the following addresses:

*If by first class mail:*                    *If by overnight mail:*

Your claim(s) will not be deemed to be filed until received by the Claims Administrator. If you submit your claim(s) by mail, it is strongly recommended that your claim(s) be mailed via certified mail, return receipt requested. Your return receipt will be the only document you will receive that shows your claim has been received by the Claims Administrator. Claims that are filed electronically must be received by 11:59 p.m. (Prevailing Eastern Time) on [60 days after the Notice Date] to be considered timely.

While your claim is being processed, if your claim is not properly completed or the Claims Administrator requires additional information in order to process your claim, the Claims Administrator may contact you by telephone or email and may send you a deficiency letter to request that you file additional information or documents to support the validity of your claim. Failure to respond to a deficiency letter within thirty days of its receipt may result in the denial of your claim.

It is your responsibility to report accurately all positions and money balances in connection with your commodity futures account(s) with the Debtor. A false claim or the retention of property to which you are not entitled may make you liable for damages and criminal penalties. If you cannot precisely calculate the amount of your claim, however, you may file an estimated claim.

**Your Proof of Claim form must be received by the Claims Administrator on or before [60 days after the Notice Date], or it will be barred (unless extended, for good cause only).**

**Nothing in this Class Action Proof of Claim Form serves to change any bar dates or other deadlines for filing timely claims in the Debtor's bankruptcy proceedings, and this includes, but is not limited to, the deadlines that have already passed for filing timely customer claims or timely unsecured creditor claims.**

Your cooperation in promptly returning the appropriate completed Class Action Proof of Claim form to the Claims Administrator is in your best interest as it will help speed the administration of the recoveries from the Settlement.

# INSTRUCTIONS FOR COMPLETING THE PROOF OF CLAIM FORM

# PLEASE READ CAREFULLY

**IF (1) YOUR CLAIM IS NOT BASED ON A COMMODITY FUTURES ACCOUNT OR (2) YOU ALREADY HAVE FILED A COMMODITY FUTURES CUSTOMER CLAIM FORM, THEN YOU DO NOT NEED TO FOLLOW THESE INSTRUCTIONS OR COMPLETE THIS PROOF OF CLAIM. THIS CLAIM FORM ONLY APPLIES TO SETTLEMENT CLASS MEMBERS WHO DO NOT HAVE AN ALLOWED CLAIM IN THE PFG BANKRUPTCY AND WHO WISH TO PARTICIPATE IN THE SETTLEMENT, I.E., THOSE WHO DO NOT WISH TO OPT-OUT OF THE SETTLEMENT OR TO EXCLUDE THEMSELVES.**

These instructions are to help you complete the enclosed Proof of Claim form. If you wish to share in the proceeds of the Settlement, and you have not already filed a Bankruptcy Proof of Claim Form with the Trustee, then the Claims Administrator must receive your claim on or before the date specified on the claim form. Even if part of your commodity futures account(s) has been transferred to one or more transferee futures commission merchants, you must timely submit a claim in order to share in the proceeds of the Settlement. If you submit an improperly completed claim form or do not provide sufficient information to support your claim, the Claims Administrator may send you a deficiency letter, indicating what additional information is required to process your claim. In addition to the specific items and information sought in the enclosed commodity futures customer claim form, you should provide further explanation and detail regarding your claim and your account, as necessary, to aid the Claims Administrator in the determination of your claim.

**Item I** seeks a statement of the total amount of cash, cash equivalents, or other property (including margin) and open trade equity in your commodity futures account on July 10, 2012. If you cannot precisely calculate the amount, you may provide an estimate. In that case, please be sure to indicate that you are providing an estimate. Item (I.A) seeks a breakdown of the total amount of (i) cash, cash equivalents, or other property (including margin) and (ii) open trade equity in your account. Item (I.B) seeks the amount of open trade equity and cash, cash equivalents, or other property (including margin) related to Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States).

**Item II** seeks details about any activity, either initiated by you or otherwise, affecting your commodity futures account on or after July 10, 2012.

**Item III** seeks details about your commodity futures account. Please indicate the type of account you hold, the capacity in which you hold the account, whether the account is held by a PFG "insider," "affiliate," or "relative," whether the account is a discretionary account, whether the account is a joint account, whether you have any related accounts, and, if your claim is based on securities futures products, whether these are held in a futures account or a securities account.

**Item IV** seeks additional details about your commodity futures claim. Please indicate whether PFG has any claims against you, not included in your statement of account balance,

provided in Item I. If the total amount you provided in Item I for your statement of account balance includes any cash, cash equivalents, or other property, provide detail about such cash, cash equivalents, or other property. Please also indicate, if you are claiming securities, whether you wish to receive payment in kind, to the extent possible. Please note that Item IV seeks information about "specifically identifiable property," as defined in the Commodity Futures Trading Commission Part 190 Rules. **Even if you have previously provided information to the Claims Administrator regarding your "specifically identifiable property" you should nevertheless provide information about such property when completing and submitting your claim here.** Full and complete information about your account will assist the Claims Administrator in promptly determining your claim.

- If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please be sure to indicate that your claim is an estimated claim.

- Proper documentation can speed the review, allowance, and satisfaction of your claim.

- Please enclose: copies (not originals) of any documentation or correspondence you believe will be of assistance in processing your claim, including, but not limited to, customer confirmations, account statements, and statements of purchase or sale.

- If, at any time, you complained in writing about the handling of your commodity futures account to any person or entity or regulatory authority, and the complaint relates to the cash or other property that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

- A separate claim form must be filed for each account. If your account is a "master account" consisting of sub-accounts, you should claim the sub-accounts on a consolidated basis, and submit one claim form for the "master account," but note the existence of the sub-accounts in the information regarding "related accounts" in Item (III.F).

<u>**When To File**</u>

For those Class members that not already filed a Bankruptcy Proof of Customer Claim Form and who wish to participate in the settlement, the deadline for filing this Class Action Proof of Claim is [60 days after the Notice Date]. If your Class Action Proof of Claim(s) is(are) not received by the Claims Administrator on or before [60 days after the Notice Date], your claim(s) will be barred (unless extended, for good cause only). **The [_____, 201__] deadline for filing a Class Action Proof of Claim or release does not affect or change in anyway the already-expired December 14, 2012 deadline for filing claims in the Debtor's bankruptcy proceedings. The law governing the Debtor's bankruptcy proceeding absolutely bars the allowance of any claim, including any commodity futures customer claim, not actually received by the Trustee on or before the already-expired December 14, 2012 deadline. The Claims Administrator, Plaintiffs' Counsel, or the Trustee have no authority to grant extensions of the expired December**

**14, 2012 bar date for filing of claims in the Debtor's bankruptcy proceedings, regardless of the reason.**

Please file well in advance so that there will be time to refile if, for instance, your claim is lost in the mail. Claims that are filed via email must be received by 11:59 p.m. (Prevailing Eastern Time) on [60 days before the Notice Date] to be considered timely.

<u>**Where To File**</u>

The completed and signed claim form, together with supporting documents must be filed with the Claims Administrator electronically via email at [TBD], or be mailed **promptly** to:

*If by first class mail:*

[TBD]

*If by overnight mail:*

[TBD]

**IF YOU SUBMIT YOUR CLAIM BY MAIL, PLEASE SEND YOUR CLAIM FORM <u>BY CERTIFIED MAIL RETURN RECEIPT REQUESTED</u>**

Your claim is not filed until received by the Claims Administrator. If the Claims Administrator does not receive your claim, although timely mailed, you could lose all your rights against PFG and U.S. Bank. Your return receipt will be the only document you will receive that shows your claim has been received by the Claims Administrator.

**THIS INSTRUCTION SHEET IS FOR YOUR FILE—DO NOT RETURN**

**YOU SHOULD RETAIN A COPY OF THE COMPLETED CLAIM FORM FOR YOUR RECORDS.**

## PROOF OF CLAIM FORM - PFG

Account Name: _____    Daytime Phone: _____
Account Number: _____    Email: _____
Address: _____
_____    Taxpayer I.D. Number
Contact Person: _____    (Social Security No.): _____

# PLEASE NOTE

## THIS CLAIM FORM SHOULD BE USED (1) IF YOU ARE A CUSTOMER OF PFG AND YOU HAVE A CUSTOMER CLAIM BASED ON A COMMODITY FUTURES ACCOUNT AND (2) YOU DID NOT FILE A BANKRUPTCY PROOF OF CLAIM WITH THE TRUSTEE ON OR BEFORE DECEMBER 14, 2012

- A SEPARATE CLAIM FORM MUST BE FILED FOR EACH COMMODITY FUTURES ACCOUNT. IF YOUR ACCOUNT IS A "MASTER ACCOUNT" CONSISTING OF SUB-ACCOUNTS, YOU SHOULD CLAIM THE SUB-ACCOUNTS ON A CONSOLIDATED BASIS AND SUBMIT ONE CLAIM FORM FOR THE "MASTER ACCOUNT" BUT NOTE THE EXISTENCE OF THE SUB-ACCOUNTS IN THE INFORMATION REGARDING "RELATED ACCOUNTS" IN ITEM (III.F).

- THE DEADLINE FOR FILING ALL PROOF OF CLAIMS IS [60 days after the Notice Date]. NO PROOF OF CLAIM WILL BE ALLOWED IF IT IS RECEIVED AFTER THAT DATE (UNLESS EXTENDED, FOR GOOD CAUSE ONLY).

- ALL CLAIMS ARE DATED AS OF THE DATE RECEIVED BY THE CLAIMS ADMINISTRATOR. CLAIMS THAT ARE FILED ELECTRONICALLY MUST BE RECEIVED BY 11:59 P.M. (PREVAILING EASTERN TIME) ON [60 days after the Notice Date] TO BE CONSIDERED TIMELY.

- YOU MAY FILE YOUR CLAIM ELECTRONICALLY VIA EMAIL AT [TBD] OR SEND YOUR COMPLETED AND SIGNED CLAIM FORM TO THE CLAIMS ADMINISTRATOR VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE APPROPRIATE ADDRESS BELOW.

- IF YOU REQUIRE ADDITIONAL SPACE TO ANSWER ANY QUESTION, PLEASE ATTACH SEPARATE PIECES OF PAPER AND LABEL THE ANSWERS TO THE CORRESPONDING QUESTIONS FOR THIS CLAIMS FORM. ALL ATTACHMENTS MUST BE SIGNED BY YOU.

- YOU MAY ESTIMATE ANY VALUES/AMOUNTS ASSOCIATED WITH YOUR CLAIM. ANSWER ALL QUESTIONS AS FULLY AS POSSIBLE, TO THE EXTENT YOU KNOW OR CAN ESTIMATE THE INFORMATION REQUESTED. IF YOU ARE PROVIDING AN ESTIMATE, YOU MUST SO INDICATE.

1

- **IF SOME OR ALL OF THE TRADE EQUITY OR CASH, CASH EQUIVALENTS OR OTHER PROPERTY IN YOUR COMMODITY FUTURES ACCOUNTS HAS BEEN TRANSFERRED TO ANOTHER FUTURES COMMISSION MERCHANT, BUT YOU BELIEVE YOU HAVE A CLAIM FOR MONEY OR PROPERTY OWED TO YOU BY PFG, YOU MUST FILE A CLAIM TO PROTECT YOUR RIGHTS.**
- **THIS CLASS ACTION PROOF OF CLAIM FORM APPLIES ONLY TO PFG AND DOES NOT APPLY TO ANY OTHER PFG OR PERENGRINE ENTITY.**

The completed and signed claim form, together with supporting documents must be filed with the Claims Administrator electronically via email at [TBD] or be mailed **promptly** to:

*If by first class mail:*                    *If by overnight mail:*

[TBD]                                         [TBD]

## I.    ACCOUNT BALANCE AS OF JULY 10, 2012

> *NOTE:   If needed, please provide a detailed description on a signed attachment of the basis for your answers below, and attach any supporting documentation you have.  If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

A.    Please state your beginning and ending account balance as of July 10, 2012, including (i) cash, cash equivalents, or other property (including margin), and (ii) open trade equity:

**Are these estimated amounts?**        YES ☐              NO ☐

Beginning balance: _____

Ending balance: _____

Account value at market: _____

1.    Please state the amount of cash, cash equivalents, or other property (including margin) in the account, as of July 10, 2012: _____.

2.    Please state the open trade equity in the account, as of July 10, 2012: _____.

B.    If your account contained NO open trade equity or cash, cash equivalents, or other property associated with the margining of Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States), you may skip the rest of this question.  OTHERWISE:

2

1.      If, on July 10, 2012, your account contained open trade equity of -- or cash, cash equivalents, or other property (including margin) associated with—Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States), please identify the amounts of equity and cash, cash equivalents, or other property (and specify the currency and/or convert to USD) for each (use additional paper, as needed):

**Are these estimated amounts?**      YES ☐            NO ☐

Foreign Futures open trade equity:_____.

Foreign Futures cash, cash equivalents, or other property:_____

_____.

## II.   ACCOUNT ACTIVITY ON OR AFTER JULY 10, 2012

## THE FOLLOWING QUESTIONS ADDRESS ACCOUNT ACTIVITY—EITHER INITIATED BY YOU OR OTHERWISE—THAT AFFECTED YOUR ACCOUNT ON OR AFTER JULY 10, 2012.

A.      If your account had any open commodity contracts as of July 10, 2012, were any of your open commodity contracts transferred to one or more transferee futures commission merchants after July 10, 2012?

**Check one:**      YES      ☐

**OR**

☐      "No open commodity contracts were transferred from my account to a transferee futures commission merchant after July 10, 2012"

*NOTE:   If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have.  If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.      Identify the name(s) of the transferee futures commission merchant(s);

2.      Summarize the commodity contracts (including futures and options on futures) that were transferred (to each transferee, if more than one); and

3.      Specify the amount of margin (*i.e.*, cash, cash equivalents, or other property), in U.S. dollars, that was transferred along with such commodity contracts, if any.

3

4.      Please state the open trade equity based on the commodity contracts that were transferred from the account:

(i)     As of the date of the transfer; and

(ii)    As the commodity contracts existed in the account on July 10, 2012.

**Are these estimated amounts?**      YES  ☐          NO  ☐

B.      Did you liquidate any open commodity contracts on or after July 10, 2012?

**Check one:**      YES  ☐          NO  ☐

*NOTE:   If you selected "NO," you may skip the remainder of this question.  If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have.  If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.      Summarize the commodity contracts (including futures and options on futures) that you liquidated.

2.      In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the commodity contracts that you liquidated:

(i)     As of the date of the liquidation;

(ii)    As the commodity contracts existed in the account on July 10, 2012.

**Are these estimated amounts?**      YES  ☐          NO  ☐

3.      Please indicate whether any of the open commodity contracts you liquidated on or after July 10, 2012 were Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States).

**Check one:**      YES  ☐          NO  ☐

*NOTE:   If you selected "NO," you may skip the remainder of this question.  If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have.  If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

4

(i)     Summarize the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated.

(ii)     In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated:

(a)     As of the date of the liquidation;

(b)     As the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) existed in the account on July 10, 2012.

**Are these estimated amounts?**     YES ☐     NO ☐

C.     If your account had any cash, cash equivalents, or other property as of July 10, 2012, was any cash, cash equivalents, or other property transferred from your account to one or more transferee futures commission merchants after July 10, 2012—OTHER THAN margin (*i.e.*, cash, cash equivalents, or other property) that was transferred with open commodity contracts (which you should have identified in Item (II.A), above)?

**Check one:**     YES ☐

**OR**

☐     "Not including any margin (*i.e.*, cash, cash equivalents, or other property) that may have transferred with open commodity positions, no other cash, cash equivalents, or other property was transferred from my account to a transferee futures commission merchant after July 10, 2012."

*NOTE:*     *If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.     Identify the name(s) of the transferee futures commission merchant(s); and

2.     Identify the amount of cash, cash equivalents, or other property that was transferred (to each transferee, if more than one).

**Are these estimated amounts?**     YES ☐     NO ☐

D.      In the aggregate, to the extent that you are able, please estimate what percentage of the value of your account (both open commodity positions and cash, cash equivalents, or other property), if any, was transferred to another futures commission merchant: _____.

## III.    <u>DESCRIPTION OF THE ACCOUNT</u>

A.      Please specify the type of account (check all that are applicable):

☐    1.    Futures account

☐    2.    Foreign futures account

☐    3.    Leverage account

☐    4.    Option account—exchange-traded

☐    5.    Option account—dealer

☐    6.    Delivery account*

☐    7.    Cleared OTC derivatives account

*A "delivery" account is one which contains only documents of title, commodities, cash, or other property identified to you and deposited for the purposes of making or taking delivery on a commodity underlying a commodity contract or for payment of the strike price upon exercise of an option.

B.      Please specify the capacity in which you hold the account (check all that are applicable):

☐    1.    Individual capacity

☐    2.    As guardian, custodian, or conservator for the benefit of a ward or a minor under the Uniform Gift to Minors Act

☐    3.    As executor or administrator of an estate

☐    4.    As trustee for the trust beneficiary

□   5.     In the name of a corporation, partnership, or unincorporated association

□   6.     As an omnibus customer account of the undersigned futures commission merchant

□   7.     As part owner of a joint account

□   8.     In the name of a plan which, on July 10, 2012, had in effect a registration statement in accordance with the requirements of § 1031 of the Employee Retirement Income Security Act of 1974 and the regulations thereunder

□   9.     As agent or nominee for a principle or beneficial owner (and not described in Items (III.B.1-8))

□   10.    In any other capacity not described above in Items (III.B.1-9) (please specify the capacity):

_____

C.     Is any person (including a general partnership, limited partnership, corporation, or other type of association) on whose behalf the account is held one of the following persons <u>or</u> does one of the following persons, alone or jointly, hold 10% or more of the account? (Check all that are applicable):

□   1.     Peregrine Financial Group d/b/a PFG Best

□   2.     Director of Peregrine Financial Group

□   3.     Officer of Peregrine Financial Group

□   4.     Person in control of Peregrine Financial Group

□   5.     Partnership in which Peregrine Financial Group is a general partner

□   6.     Owner of ten percent or more of the capital stock of Peregrine Financial Group

☐     7.     Employee of Peregrine Financial Group whose duties include (a) the management of the business of Peregrine Financial Group or any part thereof; (b) the handling of the trades or customer funds of customers of Peregrine Financial Group; (c) the keeping of records pertaining to the trades or funds of customers Peregrine Financial Group; or (d) the signing or co-signing of checks or drafts on behalf of Peregrine Financial Group

☐     8.     Managing agent of Peregrine Financial Group

☐     9.     A spouse or minor dependent living in the same household of ANY OF THE FOREGOING PERSONS (listed in Items (III.C.1-8), above), or any other relative, regardless of residency, defined as an individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship with such degree.

☐     10.     "Affiliate" of Peregrine Financial Group*

☐     11.     Any of the persons listed in Items (III.C.1-8), above, if such person is associated with an affiliate of Peregrine Financial Group as if the affiliate were Peregrine Financial Group

*"Affiliate" of Peregrine Financial Group is defined as:

An entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of Peregrine Financial Group, other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

A corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by Peregrine Financial Group, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of Peregrine Financial Group, other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

A person whose business is operated under a lease or operating agreement by Peregrine Financial Group, or person substantially all of whose property is operated under an operating agreement with Peregrine Financial Group;

An entity that otherwise, directly or indirectly, is controlled by or is under common control with Peregrine Financial Group;

An entity that operates the business of all or substantially all of the property of Peregrine Financial Group under a lease or operating agreement; or

An entity that otherwise, directly or indirectly, controls Peregrine Financial Group.

D.    Is this a discretionary account?

       **Check one:**       YES  ☐      NO  ☐

*NOTE*:  *If you selected "YES," specify who has the general authority to buy or sell orders or <u>effectuate</u> transactions for your account:_____.*

E.    Is this a joint account?

       **Check one:**       YES  ☐      NO  ☐

*NOTE*:  *If you selected "YES," specify the amount of your percentage interest in the account, and whether all participants in a joint account are claiming jointly.*

    1.    My percentage interest in the account is:    _____    %

    2.    Participants in a joint account are claiming:    (Check one)

        ☐  SEPARATELY    ☐  FULLY JOINTLY

F.    Do you have any related accounts?

       **Check one:**       YES  ☐      NO  ☐

*NOTE:*  *If you selected "YES," specify the account numbers of your related accounts. YOU MUST FILE A SEPARATE CLAIM FOR EACH ACCOUNT.*

_____

_____

G.    Is your claim based on securities futures products?

       **Check one:**       YES  ☐      NO  ☐

*NOTE:  If you selected "YES," are these securities futures products held in a futures account or a securities account?*

**Check one:**   SECURITIES ☐   FUTURES ☐
                 ACCOUNT          ACCOUNT

## IV.   DETAILS OF YOUR CLAIM

A.   Does Peregrine Financial Group have any claims against you not already included in your statement of account balance provided in Item (I.A) above?

**Check one:**   YES ☐        NO ☐

*NOTE: If you selected "YES," please provide a detailed description in a signed attachment of any such claim or claims, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

B.   If your statement of account balance provided in Item (I.A) above does <u>NOT</u> include any cash, cash equivalents or other property held by or for Peregrine Financial Group from or for your account, select this box and skip the rest of this question.

☐   "I am not claiming any cash, cash equivalents, or other property held by or for Peregrine Financial Group from or for my account."

*OTHERWISE, please indicate whether any cash, cash equivalents, or other property consists of one of the following (check all that are applicable), and if you check any one or more of the following, please provide a detailed explanation on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

☐   1.   Any security deposited as margin which, as of July 10, 2012, was securing an open commodity contract and is (i) registered in your name; (ii) not transferable by delivery; and (iii) not a short-term obligation.

☐   2.   Any fully-paid, non-exempt security held for your account in which there were no open contracts as of July 10, 2012.

☐   3.   Any warehouse receipt, bill of lading, or other document of title deposited as margin which, as of July 10, 2012, was securing an open commodity contract and can be identified in Peregrine Financial Group's records as being held for

10

your account, and is neither in bearer form nor otherwise transferable by delivery.

☐ 4.  Any warehouse receipt, bill of lading, or other document of title, or any commodity received, acquired, or held by or for Peregrine Financial Group to make or take physical delivery or exercise from or for your account and which can be identified in Peregrine Financial Group's records as received from or for your account as held specifically for the purpose of delivery or exercise.

☐ 5.  Any open commodity contract (except as provided in Item (IV.B.7), below) which, as of July 10, 2012, is identified in Peregrine Financial Group's records as being held for your account, is a bona fide hedging position or transaction as defined in CFTC Rule 1.3(z) or is a commodity option transaction which has been determined by the exchange to be economically appropriate to the reduction of risks in the conduct and management of a commercial enterprise pursuant to exchange rules, and is in an account designated in Peregrine Financial Group's records as a hedging account.

☐ 6.  Any cash or other property deposited or cash price tendered for any property deposited, prior to July 10, 2012, for the specifically noted purpose of taking or making physical delivery on an options or futures contract, which cash or other property is identified on Peregrine Financial Group's records as received from or for your account within three or fewer days of the notice date or three or fewer days of the exercise date.  **NOTE: If you check this box, the Trustee's Office may contact you to request that you provide specific additional information regarding this type of property.**

☐ 7.  Open commodity contracts transferred to another futures commission merchant by the Trustee.

<u>**OR**</u>

☐   My claim is not based on any of the types of cash, cash equivalents, or other property listed in Items (IV.B.1-7), above.

C.   If you are claiming securities for this account, do you wish to receive payment in kind, to the extent possible?

**Check one:**   YES   ☐          NO   ☐

11

## WHEN COMPLETING THE ABOVE PLEASE KEEP IN MIND:

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please be sure to indicate that your claim is an estimated claim.

Proper documentation can speed the review, allowance, and satisfaction of your claim.

Please enclose: copies (not originals) of any documentation or correspondence you believe will be of assistance in processing your claim, including, but not limited to, customer confirmations, account statements, and statements of purchase or sale.

If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash or other property that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**Please list the full name, address, phone number, and email address of anyone assisting you in the preparation of this claim form:**

Full name: _____

Address: _____

_____

Phone number: _____

Email address: _____

If more than one person is assisting you, attach additional pages providing the information in the exact format above.

By completing this Proof of Claim, I(we) agree to be subject to the jurisdiction of the United States District Court for the Northern District of Illinois for any matters relating to or arising out of this claim.

**I (WE) DECLARE, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES, THAT THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _____     Signature _____

Date _____     Signature _____

(If ownership of the account is shared (*i.e.*, there is more than one name on the account), all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, agent, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

12