# EXHIBIT E

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | Civil Action No. 12-cv-5546 <br><br> Judge Sara L. Ellis <br><br> Magistrate Judge Daniel G. Martin |

**ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, the above-captioned consolidated matter is a proposed class action on behalf of all Persons who formerly maintained commodity futures or option accounts at Peregrine Financial Group, Inc. ("PFG" or the "Company") or who were customers with an account opened for the purpose of trading futures or options on futures on a U.S. futures exchange under Section 4d of the Commodity Exchange Act, 17 C.F.R. § 1.20 (the "Customer Class Action");

WHEREAS, the Customer Representative Plaintiffs[1] in the Customer Class Action, together with Ira Bodenstein, Chapter 7 Trustee for the estate of PFG in the Bankruptcy Case ("Trustee"), have reached a proposed settlement (the "Settlement") with U.S. Bank National Association and its parents, subsidiaries and affiliates ("U.S. Bank" or the "Bank"), as memorialized in the Settlement Agreement attached as Exhibit 1 to the Declaration of Daniel C. Girard, dated June 18, 2015 ("Settlement Agreement");

WHEREAS, the Customer Representative Plaintiffs have moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in

---

[1] The Customer Representative Plaintiffs are defined in the Settlement Agreement as Brian Pannkuk, Jordan Robinson, Joe Martano, Marcus Ibrahim, William Robert Evans, III, Gurvaneet Randhawa, and Patricia Benvenuto, as well as any additional class representative plaintiffs as are appointed or may be appointed in the future in the District Court in the Customer Class Action.

accordance with the Settlement Agreement, certifying a Settlement Class for purposes of settlement as defined above, and approving notice to the Settlement Class as more fully described herein, and the Trustee supports such motion;

WHEREAS, the Court having considered the Settlement Agreement, the exhibits thereto, including the proposed (a) Notice of Proposed Partial Settlement of Class Action ("Notice") and Summary Notice and (b) Final Judgment and Order, and the submissions relating thereto, and the contemporaneously-filed Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Approval of Proposed Settlement with U.S. Bank National Association and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Settlement Agreement;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement Class Certification**: Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court certifies the Customer Class Action as a class action on behalf of the following Settlement Class:

> all persons or entities who held money, property, and/or securities pursuant to 7 U.S.C. § 6d(a)(2) at PFG as of July 10, 2012.

2. **Settlement Class Findings**: The Court finds, for purposes of the Settlement only, that the prerequisites for certifying the Customer Class Action as a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class with predominate over any individual questions; (c) the claims of the Customer Representative Plaintiffs are typical of the claims of the Settlement Class; (d) the Customer Representative

2

Plaintiffs and Co-Lead Counsel (as defined herein) will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Customer Class Action.

3. Excluded from the Settlement Class are: (i) all 30.7 Customers; (ii) any Person named as a Defendant in the Consolidated Amended Class Action Complaint (including any immediate family members of such Defendant and any parent, subsidiary or affiliate of any Defendant) who held money, securities, or property at PFG; (iii) any parent, subsidiary or affiliate of PFG that held money, securities, or property at PFG and that could otherwise be deemed to be a member of the Settlement Class; and (iv) any Persons that exclude themselves from the Settlement Class by filing a timely and valid request for exclusion that is not withdrawn in writing by at least the date of the entry of the Order finally approving the Settlement (or later upon the written agreement of the Parties).

4. The Court hereby finds and concludes pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, that the Customer Representative Plaintiffs are adequate class representatives and certifies them as class representatives on behalf of the Settlement Class, and hereby appoints the law firms of Berger & Montague, P.C. and Girard Gibbs LLP as co-lead counsel for the Settlement Class (collectively, "Co-Lead Counsel").

5. Pursuant to Rule 21 of the Federal Rules of Civil Procedure, plaintiffs Mark Alexander and J.D. Sailer are dropped as parties to this action.

6. **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable and adequate, and in the best interest of the Customer Representative Plaintiffs and the other

Settlement Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

7. **<u>Settlement Hearing</u>**: This Court will hold a settlement hearing (the "Settlement Hearing") on a date to be scheduled by this Court at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Final Judgment and Order substantially in the form attached as Exhibit C to the Settlement Agreement should be entered dismissing the Customer Class Action with prejudice against the Released Defendants; (c) to determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved; (d) to determine whether Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be furnished to Settlement Class Members as set forth in Paragraph 10 of this Order.

8. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the parties may agree to, if appropriate, without further notice to the Settlement Class.

9. **<u>Distribution</u>**: The Net Settlement Fund shall be distributed to the Settlement Class Members in accordance with the Plan of Allocation, as approved by this Court, except that no member of the Settlement Class that delivers a valid and timely request for exclusion from the

Settlement Class that is not properly withdrawn shall receive any portion of the Net Settlement Fund.

10.  **Manner of Notice**: Co-Lead Counsel shall furnish notice of the Settlement and the Settlement Hearing to prospective Settlement Class Members as follows:

(a) Within fourteen (14) calendar days of the date of entry of this Order, ("Notice Date") the noticing agent designated by Co-Lead Counsel (the "Noticing Agent") shall: (i) cause a copy of the Notice, substantially in the form attached as Exhibit B-1 to the Settlement Agreement, to be e-mailed to all Class Members whose e-mail addresses are reflected on the Claims Register maintained in the Bankruptcy Case or can be obtained through reasonable effort; and (ii) cause a copy of the Summary Notice in postcard form, substantially in the form attached as Exhibit B-2 to the Settlement Agreement, to be mailed by first class mail to all Class Members whose addresses are reflected on the Claims Register maintained in the Bankruptcy Case, but whose e-mail addresses are not reflected on the Claims Register or cannot be obtained through reasonable effort; and (iii) cause a copy of the Notice, substantially in the form attached as Exhibit B-1 to the Settlement Agreement, to be mailed and/or e-mailed to all Class Members (a) who do not have an Allowed Claim and (b) whose e-mail and/or physical addresses are reflected on the Claims Register maintained in the Bankruptcy Case, in the Trustee's records or which can be obtained through reasonable effort.

(b) As soon as practicable after this Court schedules the Settlement Hearing, but in any event not later than forty-five (45) days prior to the Settlement Hearing, the Noticing Agent shall cause to be e-mailed to all Class Members whose e-mail addresses are reflected on the Claims Register maintained in the Bankruptcy Case or can be obtained through reasonable effort, and to be mailed by first class mail to all Class Members whose addresses are reflected on

the Claims Register maintained in the Bankruptcy Case, but whose e-mail addresses are not reflected on the Claims Register or cannot be obtained through reasonable effort, and to be mailed or e-mailed to all Class Members (a) who do not have an Allowed Claim and (b) whose e-mail and/or physical addresses are reflected on the Claims Register maintained in the Bankruptcy Case, in the Trustee's records or which can be obtained through reasonable effort, a notice setting forth the date, time and location of the Settlement Hearing and the deadline for any objections relating thereto.

(c) Not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on U.S. Bank's counsel and the Trustee's counsel and file with the Court proof, by affidavit or declaration, of such mailings.

11. **Approval of Form and Content of Notice**: The Court (a) approves the Notice and Summary Notice substantially in the form and content as the attached Exhibits B-1 and B-2 to the Settlement Agreement, and (b) finds that the e-mailings and first class mailings of the Notice and Summary Notice, respectively, and of the scheduling of the Settlement Hearing in the manner and form set forth in Paragraph 10 of this Order (i) are the best notice practicable under the circumstances; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise individual Settlement Class Members of the pendency of the Customer Class Action, the effect of the proposed Settlement (including the Released Plaintiffs' Claims contained therein), and any motion for attorneys' fees and expenses and Plan of Allocation, and of their right to submit a claim form, object to any aspect of the proposed Settlement, exclude themselves from the Settlement Class, and to appear at the Settlement Hearing; (iii) constitute due, adequate and sufficient notice to any Persons entitled to receive notice of the proposed Settlement; and (iv) satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all

6

other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are e-mailed or mailed, respectively.

12. **<u>Participation in the Settlement</u>**:

(a) Settlement Class Members who have Allowed Claims in the Bankruptcy Case and who wish to participate in the Settlement do not need to submit a claim or take any additional steps; they will automatically participate in the Settlement, unless they elect to be excluded from the Settlement by following the procedure outlined herein.

(b) Settlement Class Members who do not have an Allowed Claim in the Bankruptcy Case must complete and submit a claim on the form entitled "Commodity Futures Customer Claim Form – Peregrine Financial Group, Inc. – U.S. Bank Settlement", which may be downloaded at www.omnimgt.com, in order to participate in this Settlement and receive a payment from the Net Settlement Fund. If the claim is allowed, the Settlement Class Member will participate in this Settlement, and will receive a payment from the Net Settlement Fund, unless he/she/it elects to be excluded from this Settlement by following the procedure outlined herein. Any Settlement Class Member who does not have an Allowed Claim in the Bankruptcy Case will not receive any distributions in the Bankruptcy Case.

(c) Unless the Court orders otherwise, all claim forms must be postmarked no later than forty-five (45) calendar days after the Notice Date, or filed online by midnight of that date. Notwithstanding the foregoing, the Noticing Agent may, with the prior written consent of Co-Lead Counsel and the Trustee, accept for processing and payment late claims provided such acceptance does not materially delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a claim form, a person or entity shall be deemed to have

submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

13. **<u>Exclusion From the Settlement Class</u>**: Any prospective Settlement Class Member who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received by the Noticing Agent no later than twenty-one (21) calendar days prior to the date of the Settlement Hearing; and (b) that each request for exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion; (ii) state that such Person "requests exclusion from the Settlement Class in the Customer Class Action consolidated into *In re Peregrine Financial Group Customer Litigation*, Case No. 12-cv-5546 (N.D. Ill.) (SLE)"; (iii) submit proof of the money, property or securities of such Person that were in a commodity futures or option account with PFG; and (iv) be signed by the Person requesting exclusion or his/her/its authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by order of the Court.

14. Any Person who timely and validly requests exclusion from the Settlement Class, in compliance with the terms stated in this Order, and does not retract, in writing, its request for exclusion no later than the date of the entry of the Order finally approving the Settlement (or later upon the written agreement of the Parties), shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or the Settlement Agreement, and shall have no right to receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement and Settlement Agreement and all proceedings, determinations, orders and judgments in the Customer Class Action, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any Released Defendants, as more fully described in the Settlement Agreement and Notice.

16. **Appearance and Objections at Settlement Hearing:** Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Customer Class Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Co-Lead Counsel, the Trustee's counsel, and U.S. Bank's counsel, as set forth in Paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file written objections to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or the Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or the Motion for Attorneys' Fees and Reimbursement of Litigation Expenses should not be approved; *provided*

*however,* that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or the Motion for Attorneys' Fees and Reimbursement of Litigation Expenses unless that Person has filed written objections with the Court and served copies of such objections on Co-Lead Counsel, the Trustee's counsel, and U.S. Bank's counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing:

- **A.** **To the Court**
  Clerk of the Court
  United States District Court
  Northern District of Illinois
  Eastern Division
  219 South Dearborn Street
  Chicago, IL 60604

- **B.** **Co-Lead Counsel**

  | | |
  |---|---|
  | Michael C. Dell'Angelo | Daniel C. Girard |
  | BERGER & MONTAGUE, P.C. | GIRARD GIBBS LLP |
  | 1622 Locust Street | 711 Third Avenue, 20th Floor |
  | Philadelphia, PA 19103 | New York, NY 10017 |

- **C.** **Counsel for the Trustee**

  Mark L. Radtke
  SHAW FISHMAN GLANTZ & TOWBIN LLC
  321 N. Clark Street, Suite 800
  Chicago IL 60654

- **D.** **Counsel for U.S. Bank**

  Eric R. Sherman
  DORSEY & WHITNEY LLP
  50 South Sixth Street, Suite 1500
  Minneapolis, Minnesota 55402

18. Any objections, filings and other submissions by any objecting Settlement Class Member (a) must contain a statement of his, her, or its objections, as well as the specific reasons

for such objection, including the legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (b) must include documents sufficient to prove membership in the Settlement Class, as defined above in Paragraph 1.

19. Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or the Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and litigation expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and litigation expenses in this or any other proceeding.

20. **Settlement Administration Fees and Expenses**: All reasonable costs incurred in identifying and notifying Settlement Class Members as well as in administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

21. **Qualified Settlement Fund:** The Settlement Fund is hereby approved as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and all rules and regulations thereunder, and any other applicable law. This account shall be known as the PFG Customer Litigation Qualified Settlement Fund, and shall be referred to under that name in its official actions and dealings. Co-Lead Counsel shall serve as the Qualified Settlement Fund Administrator (the "Fund Administrator").

22. **Taxes:** The Fund Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Distribution Taxes and to otherwise perform all obligations of the Fund

Administrator, including obligations with respect to Distribution Taxes and any reporting or filings in respect thereof, without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

23. **Termination**: If the Settlement is terminated, or if the Court denies final approval of the Settlement, this Order shall become null and void and shall be without prejudice to the rights of the Customer Representative Plaintiffs, the Settlement Class Members, the Trustee, or Released Defendants.

24. **Use of this Order**: Neither this Order nor the proposed Settlement (including the Settlement Agreement or any of its terms, or any aspect of any of the negotiations, discussions and proceedings in connection with the negotiation of and/or efforts to consummate the Settlement) shall: (a) be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement; (b) be described as, construed as, interpreted as or offered against any party as evidence of and/or deemed to be evidence of any presumption, concession, or admission as to any liability, negligence, fault, or wrongdoing on their part or validate any claim by any party or the merits of any of their defenses; and/or (c) be described as, construed as, interpreted as, or offered against any party or any Settlement Class Member as evidence of any infirmity in the claims of any party or the Settlement Class.

25. **Supporting Papers**: Co-Lead Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to

the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26. No Released Defendant or Trustee Releasee shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of litigation expenses submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

27. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel, and any application for attorneys' fees or reimbursement of litigation expenses, shall be approved.

28. Pending final determination of whether the Settlement should be approved or further order of the Court, the Court hereby stays all litigation of claims between the Customer Representative Plaintiffs and Settlement Class Members on the one hand and the Released Defendants on the other, except as provided in the Settlement Agreement and as necessary to carry out or comply with terms and conditions of the Settlement.

29. Pending final determination of whether the Settlement should be approved or further order of the Court, the Court hereby enjoins any potential Settlement Class Member, whether directly, representatively or in any other capacity, and whether or not such Person has appeared in the above-captioned consolidated action, from commencing, prosecuting, or continuing to prosecute against any of the Released Defendants, in any court or forum, any action involving the subject matter of any of the Released Plaintiffs' Claims. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to enter judgment when appropriate.

30. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _23_ day of _June , 2015.

_____
The Honorable Sara L. Ellis
United States District Judge