**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | Case No. 12-cv-5546 <br><br> Judge Sara L. Ellis <br><br> Magistrate Judge Daniel G. Martin |

**PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF EXPENSES, AND PAYMENT OF SERVICE AWARDS**

Plaintiffs, individually and on behalf of the Settlement Class, respectfully move this Court for an order (i) awarding attorneys' fees in the amount of $13,795,000; (ii) reimbursing Plaintiffs' counsel for their out-of-pocket costs and expenses in the amount of $437,440.88; and (iii) awarding service awards of $5,000 each to the nine individuals who served as proposed class representatives during the course of the litigation.

The requested fee award approximates the market value of the legal services provided by Plaintiffs' counsel. The requested award constitutes approximately thirty-one percent of the common fund obtained on behalf of the Settlement Class, which is at or below (i) the market rates in commercial litigation in the Seventh Circuit, and (ii) the rates Plaintiffs' counsel frequently negotiate when retained by public entity and corporate clients. Additionally, fee awards in other class actions in the Seventh Circuit confirm that 31% is at or below what the market would pay for the services rendered. The requested award is also appropriate in light of "the risk of nonpayment" that Plaintiffs' counsel bore and the "stakes" in the case, as well as "the quality of [counsel's] performance" and the "amount of work [that was] necessary to resolve the litigation." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 721 (7th Cir. 2001). Finally, the support of

1

the trustee for the PFG estate, who opted to enter into a cooperation agreement with Plaintiffs' counsel rather than to independently assert claims, and who supports Plaintiffs' counsels' request for a 31% fee award, is compelling evidence that the free market would support the request.

If the Court were to apply the lodestar method, rather than the percentage of the fund method, to calculate an appropriate fee award, the same conclusion would hold true: the requested award is fair and reasonable given the amount of time invested and the results achieved. Plaintiffs' counsel have a combined lodestar of $9,880,467.11 at their current rates.

Plaintiffs' counsel incurred $437,440.88 in out-of-pocket expenses during this litigation for which they seek reimbursement, including for filing and appearance costs, charges for expert consulting, travel, copying and printing, discovery related costs including ESI database management. Cost reimbursements are generally reimbursed to attorneys who create a common fund, *Synthroid*, 264 F.3d at 722, and this Court and others have approved similar expense reimbursements in the past. *See* ECF 305 at 3-4; *City of Greenville v. Syngenta Crop Prot., Inc.*, 904 F. Supp. 2d 902, 910 (S.D. Ill. 2012); *Cook v. McCarron*, No. 92 C 7042, 1997 WL 47448, at *19 (N.D. Ill. Jan. 30, 1997), *aff'd sub nom. Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998).

Finally, Plaintiffs request an award of $5,000 each for the nine individuals who served as proposed class representatives during the three years of litigation. Courts in the Seventh Circuit regularly approve service awards in class cases and acknowledge the importance of encouraging individuals to serve in a representative capacity. *See, e.g., Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-cv-4462, 2015 WL 1399367, at *6 (N.D. Ill. Mar. 23, 2015). And each of the nine individuals in this case spent considerable time and energy helping to advance the interests of the Settlement Class, including by monitoring the litigation and participating directly in various discovery efforts.

In support of this Motion, Plaintiffs submit the accompanying their supporting Memorandum of Law; the Plan of Allocation for the Settlement Class (as set out in Exhibit D to the Settlement Agreement, ECF 410-7, and as summarized in the proposed Notice previously approved by this Court, ECF 410-4); and the supporting declarations and the exhibits thereto.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order awarding the requested attorneys' fees, expenses, and service awards.

Dated: September 8, 2015

Respectfully submitted,

/s/ *Daniel C. Girard*

Daniel C. Girard
David Stein
Elizabeth A. Kramer
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dcg@girardgibbs.com

Michael C. Dell'Angelo
Jennifer MacNaughton
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
mdellangelo@bm.net

*Co-Lead Counsel for Plaintiffs*
*and the Settlement Class*

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (866) 714-7112
Facsimile: (816) 714-7101

Douglas G. Thompson
Michael G. McLellan
Robert O. Wilson
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, District of Columbia 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Adam J. Levitt
Edmund S. Aronowitz
John E. Tangren
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, IL 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com
earonowitz@gelaw.com
jtangren@gelaw.com

*Plaintiffs' Executive Committee*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 8, 2015, a copy of the foregoing document was filed electronically with the United States District Court for the Northern District of Illinois. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


By: <u>/s/ *Daniel C. Girard*          </u>