IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Peregrine Financial Group Customer Litigation* | Civil Action No: 12-cv-5546<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Daniel G. Martin |

**PLAINTIFFS' REPLY IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND PAYMENT OF SERVICE AWARDS**

I.   **INTRODUCTION**

On September 8, 2015, Plaintiffs filed motions requesting (1) final approval of the settlement and plan of allocation; and (2) the award of attorneys' fees, reimbursement of expenses, and payment of service awards to nine class representatives. (ECF Nos. 426, 430). The deadline for opting out or filing an objection passed on September 22, 2015. Plaintiffs therefore submit this Reply to report on the Class's favorable reaction to both motions, and to request final approval of the settlement and plan of allocation and the award of fees, expenses, and service awards.

II.  **THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT**

The Class's reaction to the proposed Settlement has been overwhelmingly positive. Of more than 13,000 potential Class members who were notified of the settlement, the terms of the plan of allocation and request for attorneys' fees and payment of service awards, not a single Class member objected to any aspect. Only one qualifying individual opted out of the settlement. *See* Nownes-Whitaker Decl., dated October 2, 2015, at ¶ 16. This result reflects nearly unanimous support for Plaintiffs' motions. *See In re Mexico Money Transfer Litig. (W. Union & Valuta)*, 164 F. Supp. 2d 1002, 1020-21 (N.D. Ill. 2000) *aff'd sub nom. In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2001) (acceptance rate of 99.9% of class members "is strong circumstantial evidence in favor of the settlements").

The detailed Notice approved by the Court (*see* ECF No. 417) was delivered to the Class by the best means practicable. Co-Lead Counsel retained the same claims administrator that administered the PFG bankruptcy and the class action settlement with JPMorgan Chase Bank, N.A. The claims administrator utilized up-to-date email or mailing addresses for the vast majority of PFG's former futures customers and undertook efforts to reach Class members who

were not reached initially. *See* Nownes-Whitaker Decl., dated October 2, 2015, at ¶¶ 4-9. Pursuant to the Court's preliminary approval order (ECF No. 417), the Notice informed the Class of the terms of the settlement and of the amount that Class Counsel would seek in attorneys' fees, costs, and service awards. *See* Notice, p.5 (ECF No. 427-3). Additionally, Class members had an adequate opportunity to review Plaintiffs' detailed submissions in support of final approval and an award of attorneys' fees because they were filed two weeks before the objection/opt-out deadline and were publicly available on PACER. ECF Nos. 426-432; *see Redman v. RadioShack Corp.*, 768 F.3d 622, 638 (7th Cir. 2014).[1]

The lack of objections and a single valid opt-out shows genuine, class-wide approval, particularly given the fact that most class members are sophisticated investors with a significant stake in the litigation and who filed detailed claims in the Bankruptcy Court shortly after the commencement of this action, and were thus likely to scrutinize any compromise of their claims in the class action. *See Standard Iron Works v. ArcelorMittal*, No. 08 C 5214, 2014 WL 7781572, at *2 (N.D. Ill. Oct. 22, 2014) (the support of "sophisticated" direct purchaser plaintiffs in antitrust action bolstered final approval determination and the "absence of objections indicates that the fee is fair and reasonable and consistent with prevailing market rates.").

### III. UPDATED INFORMATION ABOUT SETTLEMENT ADMINISTRATION COSTS, ATTORNEYS' FEES, AND EXPENSES

In the September 8, 2015, Declaration of Co-Lead Counsel in support of their motions for final approval and attorneys' fees, Class Counsel indicated that in the instant reply papers, Counsel would provide updated invoices reflecting the claims administrator's expenses. Decl. of Co-Lead Counsel ¶ 65 (ECF No. 428). Updated invoices are attached hereto as Exhibits A and B.

---

[1] *See also* Claims Administrator's website: *http://omnimgt.com/sblite/templates/a/Default.aspx?clientId=CsgAAncz%2b6b9VG7GyPX8mxaTkkmecQwPAcdbp9 xuffQ6vNk1FYvIz68TDPjVMtlUQx18Kw4nCRg%3d*, at which copies of the Notice, Summary Notice and Claim Form were also publicly available.

Omni's invoices to date total $19,712.49. Pursuant to the Court's Preliminary Approval order, these expenses "shall be paid as set forth in the Settlement Agreement without further order of the Court." *See* Preliminary Approval Order ¶ 20 (ECF No. 417). *See also* Settlement Agreement ¶¶ 2c, 2u, 2v, 12b (ECF No. 410-2) (providing for payment of notice and administration costs out of the Settlement Fund). Class Counsel has also finalized the amount of expenses and service awards sought and requests a total of $482,440.88. *See* Supplemental Declaration of Co-Lead Counsel, dated October 6, 2015, at ¶¶ 2.a, 3.[2]

Finally, since Class Counsel's submission in support of an award of attorneys' fees and reimbursement of expenses, Class Counsel has continued to represent the class in connection with shepherding this settlement through final approval and administering the settlement. Class Counsel's efforts on behalf of the Class will continue until the Settlement Fund is fully disbursed and this case is concluded, which means the modest multiplier on Class Counsel's time (currently at 1.39) will continue to decline.

## CONCLUSION

Given the overwhelming support of the Settlement and the relief sought in Plaintiffs' motions and absent any objection, Plaintiffs respectfully request that the Court:

(1) Grant final approval to the Settlement and Plan of Allocation;

(2) Award attorneys' fees in the amount of $13,795,000, and reimbursement of $437,440.88 in litigation expenses;

(3) Approve the payment of service awards of $5,000 to each of the nine Class Representatives.

---

2 The Supplemental Declaration also corrects minor mathematical calculations in Class Counsel's lodestar calculation that have no material impact on the request for attorneys' fees. *See* Suppl. Decl. ¶ 2. The Supplemental Declaration also corrects the amount of Omni's invoices for the Settlement notice program and claims administration. *Id*. at ¶ 3.

3

Dated: October 6, 2015

Respectfully submitted,

*/s/* Michael Dell'Angelo
Michael Dell'Angelo
Jennifer MacNaughton
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
mdellangelo@bm.net

Daniel C. Girard
David Stein
Elizabeth A. Kramer
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dcg@girardgibbs.com

*Co-Lead Counsel for Plaintiffs
and the Settlement Class*

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (866) 714-7112
Facsimile: (816) 714-7101

Douglas G. Thompson
Michael G. McLellan
Robert O. Wilson
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, District of Columbia 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Adam J. Levitt
Edmund S. Aronowitz
John E. Tangren
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, IL 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com
earonowitz@gelaw.com
jtangren@gelaw.com

*Plaintiffs' Executive Committee*