# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re Peregrine Financial Group Customer Litigation | Civil Action No. 12-cv-5546 <br><br> Judge Sara L. Ellis <br><br> Magistrate Judge Daniel G. Martin |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

SARA L. ELLIS, United States District Judge:

On this 13th day of, October 2015, a hearing (the "Hearing") having been held before this Court to determine (i) whether the terms and conditions of the settlement ("the Settlement") set forth in the Settlement Agreement dated June 18, 2015 (the "Settlement Agreement"), among the Customer Representative Plaintiffs, Ira Bodenstein, Chapter 7 Trustee ("Trustee") for the estate of Peregrine Financial Group, Inc. ("PFG") in *In re Peregrine Financial Group, Inc.*, Case No. 12-B-27488 (N.D. Ill) ("Bankruptcy Case"), and U.S. Bank National Association, and its parents, subsidiaries and affiliates ("U.S. Bank" or the "Bank") (collectively, the "Parties"), are fair, reasonable and adequate to settle all potential claims by the Customer Representative Plaintiffs and Trustee against U.S. Bank as set forth herein; and (ii) whether judgment should be entered dismissing with prejudice in favor of U.S. Bank and any other Released Defendants any of the Released Plaintiffs' Claims, as against all persons or entities who are Settlement Class Members and who have not requested exclusion from the Settlement Class;

As it appears that the Notice of Proposed Partial Settlement of Class Action and Summary Notice substantially in the forms approved by the Court, including the date of the Hearing, were e-mailed and/or mailed to all Persons reasonably identifiable who were eligible to

be Settlement Class Members, according to records gathered by the Trustee and his professionals in the Bankruptcy Case, or who were otherwise identified through further reasonable effort;

And the Court, having considered all matters submitted to it at the Hearing, along with all prior submissions by the Parties to the Settlement and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members and Trustee against the Released Defendants;

**NOW, THEREFORE, IT IS HEREBY ADJUDGED AND ORDERED THAT:**

1. The Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice (the "Judgment"), adopts the following defined terms:

    a. "30.7 Customers" means all former customers of PFG with accounts opened for the purpose of trading futures or options on futures contracts traded on foreign boards of trade in accordance with 17 C.F.R. § 30.7.

    b. "Administration Costs" means the costs, fees, and expenses, other than Notice Costs, that are incurred in connection with administering the Settlement, including the costs, fees, and expenses incurred in the distribution of funds from the Net Settlement Fund. Administration Costs will be deducted from the Settlement Fund after the Effective Date. No Party shall be responsible for paying such Administration Costs.

    c. "Allowed Claim" means a Claim: (a) timely filed against PFG in the Bankruptcy Case by the applicable bar date established by the Bankruptcy Court that is no longer subject to objection in the Bankruptcy Case; or (b) that is allowed in the Bankruptcy Case (i) by a Final Order or (ii) by an agreement between the holder of such Claim and the Trustee.

    d. "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

e. "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, judgments, decrees, matters, issues, suits and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law (including all claims as that term is defined in the Bankruptcy Code), statute, rule or regulation, or agreement, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

f. "Co-Lead Counsel" means Michael Dell'Angelo of Berger & Montague, P.C. and Daniel C. Girard of Girard Gibbs LLP who have been appointed interim lead counsel on behalf of the Customer Representative Plaintiffs pursuant to Fed. R. Civ. P. 23(g). References herein to work performed by Co-Lead Counsel include work undertaken at the direction of Co-Lead Counsel performed by the law firms designated as Plaintiffs' Executive Committee in the District Court's October 5, 2012, Order as modified by its April 22, 2013 Order.

g. "Customer Representative Plaintiffs" means Brian Pannkuk, Jordan Robinson, Joe Martano, Marcus Ibrahim, William Robert Evans, III, Gurvaneet Randhawa, and Patricia Benvenuto, as well as any additional class representative plaintiffs as are appointed or may be appointed in the future by the District Court in the Customer Class Action.

h. "Customer Representative Plaintiffs Attorneys' Fees Payment" means any

award of attorneys' fees, or reimbursement of costs or expenses, in the Customer Class Action, awarded pursuant to Fed. R. Civ. P. 23 by the District Court.

      i.      "Customer Class Action" means all actions brought, or that in the future may be brought, by or on behalf of former customers of PFG, which have been, or in the future may be, consolidated under the caption In re Peregrine Financial Group Customer Litigation, Case No. 12-CV-5546 (N.D. Ill.).

      j.      "Distribution Taxes" means (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by the Qualified Settlement Fund administrator in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants). Any Distribution Taxes will be paid from the Settlement Fund. No Party shall be responsible for paying such Distribution Taxes.

      k.      "Effective Date" means the date upon which the last of the following events or waivers occurs:

      i. each Party's receipt of a counterpart of the Settlement Agreement that has been duly executed by each of the other Parties;

      ii. the Bankruptcy Court, upon and after appropriate notice and opportunity for a hearing, has entered the Bankruptcy Approval Order contemplated by the Settlement Agreement;

      iii. the District Court, upon and after appropriate notice and opportunity for hearing, has entered the Preliminary Approval Order;

      iv. the District Court, upon and after appropriate notice and opportunity for a hearing, has entered (i) an order (in form and substance acceptable to all

of the Parties and that shall comply with the requirements of CAFA (and in particular, 28 U.S.C. § 1715(d)) finally approving this Agreement and (ii) the Judgment, and such order and the Judgment have each become a Final Order;

v. U.S. Bank's appeal of the Order at Docket 302 in the Customer Class Action, styled *Brian Pannkuk, et al v. U.S. Bank National Association*, 15-1378 (7th Cir.), is dismissed with prejudice; and

vi. none of the Customer Representative Plaintiffs, the Trustee or U.S. Bank has any right to terminate the Settlement Agreement based upon the terms therein and in the Opt-Out Contingency Agreement executed by the Parties.

l. "Net Settlement Fund" means the Settlement Fund less any: (i) Distribution Taxes; (ii) Notice Costs; (iii) Administration Costs; and (iv) Customer Representative Plaintiffs Attorneys' Fees Payment and service awards.

m. "Notice Costs" means the costs, fees and expenses that are incurred in connection with providing notice to the Settlement Class pursuant to Fed. R. Civ. P. 23(c)(2). Any Notice Costs incurred prior to the Effective Date will be paid from the Settlement Fund. No Party shall be responsible for paying such Notice Costs.

n. "Person" means any natural person, corporation, limited liability company, trust, business trust, joint venture, association (including any national or state banking association), company, governmental authority or other entity.

o. "Plan of Allocation" means the proposed plan of allocation for the Net Settlement Fund set forth in Exhibit D to the Settlement Agreement or such other plan of

allocation as this Court shall approve.

    p. "Released Claims" means the Released Trustee Claims, the Released Customer Claims, and the Claims released by U.S. Bank, pursuant to Paragraphs 5-7 below. In no event shall "Released Claims" be interpreted to include any claims the Trustee may have against PFG, Russell Wasendorf, Sr., Russell Wasendorf, Jr., or any of their past or present affiliates, parents, members, and subsidiaries, current and former, officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, accountants, predecessors, successors and assigns or any other actual or potential party other than the Released Defendants, whether now or in the future.

    q. "Released Customer Claims" means any and all Claims, including Unknown Claims, that have been or could have been asserted by, through, or on behalf of the Customer Representative Plaintiffs, each and every member of the Settlement Class, and each of their respective predecessors, successors, affiliates, assigns, purchasers or other transferees, attorneys, heirs, representatives, administrators, executors, devisees, legatees, estates, and all others claiming through them, against any one or more of the Released Defendants, for, upon or by reason of any matter from the beginning of time arising out of, relating to, or in connection with, in any way or manner, the Trustee Releasees, PFG, Russell Wasendorf, Sr., Russell Wasendorf, Jr., or any of their past or present affiliates, parents, members, and subsidiaries, current and former officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, accountants, predecessors, successors and assigns or related parties, including but not limited to any Claims asserted in the Customer Class Action and any Claims or Unknown Claims related to alleged fraud, breach of any duty, negligence, unjust enrichment, violation of the Illinois Fiduciary Obligations Act,

violation of the Uniform Fiduciaries Act as adopted in whole or in part by any state, violation of the Commodity Exchange Act (17 U.S.C. § 1, et seq.), or the aiding and abetting of such conduct (including but not limited to any Claims or Unknown Claims relating in any manner to the alleged misuse of PFG's customer money, securities, and/or property). Claims against current or future defendants in the Customer Class Action who are not Released Defendants are not included within and are excluded from the definition of "Released Customer Claims" and are not being released by the Settlement Class as part of the Settlement. In no event shall "Released Customer Claims" be interpreted to include any claims the Customer Representative Plaintiffs may have against Russell Wasendorf, Sr., Russell Wasendorf, Jr., or any of their partners, principals, attorneys, agents, insurers, representatives, accountants, predecessors, successors and assigns or any other actual or potential party other than the Released Defendants, whether now or in the future.

    r.  "Released Defendants" means U.S. Bank and each of its former, current, and future affiliates, parents, members, and subsidiaries, the predecessors, successors and assigns of each such entity, and each and all of the former, current, and future officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, and accountants of each such entity. In no event shall "Released Defendants" be interpreted to mean PFG, Russell Wasendorf, Sr., Russell Wasendorf, Jr., or any of their past or present affiliates, parents, members, and subsidiaries, current and former, officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, accountants, predecessors, successors and assigns or any other actual or potential party other than the Released Defendants, whether now or in the future, to the Customer Class Action.

s. "Released Plaintiffs' Claims" means both the Released Customer Claims and the Released Trustee Claims.

t. "Released Trustee Claims" means any and all Claims, including Unknown Claims, that have been, can or might have been asserted by, through, or on behalf of the Trustee, PFG's bankruptcy estate (the "Estate"), and each of their respective predecessors, successors, affiliates, assigns, purchasers or other transferees, attorneys, heirs, representatives, administrators, executors, devisees, legatees, estates, and all others claiming through them against any one or more of the Released Defendants for, upon or by reason of any matter, cause or thing whatsoever from the beginning of time arising out of, relating to, or in connection with, in any manner, PFG, Russell Wasendorf, Sr., Russell Wasendorf, Jr., or any of their past or present affiliates, parents, members, and subsidiaries, current and former officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, accounts, predecessors, successors and assigns or related parties, including but not limited to any Claims challenging payments or transfers made to U.S. Bank and obligations incurred by the debtor with respect to U.S. Bank on any grounds, including any Claims that payments, transfers or obligations are voidable preferential transfers or fraudulent conveyances, any Claims asserted in the Customer Class Action and any Claims or Unknown Claims related to alleged fraud, breach of duty, negligence, unjust enrichment, violation of the Illinois Fiduciary Obligations Act, violation of the Uniform Fiduciaries Act as adopted in whole or in part by any state, violation of the Commodity Exchange Act (17 U.S.C. § 1, et seq.), or the aiding and abetting of such conduct (including but not limited to any Claims or Unknown Claims relating in any manner to the alleged misuse of PFG's customer money, securities, and/or property).

u. "Settlement Amount" means the sum of $44,500,000 to be paid by U.S. Bank pursuant to the Settlement.

v. "Settlement Class" means all persons or entities who held money, property, and/or securities pursuant to 7 U.S.C. § 6d(a)(2) at PFG as of July 10, 2012. Excluded from the Settlement Class are: (i) all 30.7 Customers; (ii) any Person named as a defendant in the Consolidated Amended Class Action Complaint (including any immediate family members of such defendant and any parent, subsidiary or affiliate of any defendant) who held money, securities, or property at PFG; (iii) any parent, subsidiary or affiliate of PFG that held money, securities, or property at PFG and that could otherwise be deemed to be a member of the Settlement Class; and (iv) any Persons that exclude themselves from the Settlement Class by filing a request for exclusion that is accepted by the District Court.

w. "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

x. "Settlement Fund" means the Settlement Amount plus any accrued interest that results from the deposit of such funds into the Settlement Fund Account.

y. "Settlement Fund Account" means an interest bearing signature account to be established at U.S. Bank to receive the Settlement Amount and which will be administered in accordance with the Settlement Agreement and the orders of this Court. The Settlement Fund Account has been established, operated and managed and will be operated and managed as a Qualified Settlement Fund within the meaning of Internal Revenue Code § 468B, as amended, and all rules and regulations thereunder, including Treasury Regulations Sections 1.468B-1 to 1.468B-5, and any other applicable law.

z. "Trustee Releasees" means the Trustee and the Estate and all of their

respective property, current and former officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, successors, predecessors and representatives and any other Person claiming by or through the Trustee or the Estate.

        aa.    "Unknown Claims" means any Released Claims which the Trustee, Customer Representative Plaintiffs, any other Settlement Class Members, or U.S. Bank does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. Pursuant to the agreement of the Parties, upon the Effective Date, the Trustee, the Customer Representative Plaintiffs, and U.S. Bank shall be deemed to have expressly waived, and each of the other Settlement Class Members shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties have acknowledged, and the other Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which their releases are a part.

    2.    This Court has jurisdiction over the subject matter of the Customer Class Action and over all parties to the action, including all Settlement Class Members.

    3.    The Court hereby finds, in accordance with the Order Preliminarily Approving

Proposed Settlement and Providing for Notice, dated June 23, 2015 (ECF No. 417) (the "Preliminary Approval Order"), that individual notice given to the members of the Settlement Class who could be identified through the Trustee's records in the Bankruptcy Case and any additional reasonable effort was the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the proposed Settlement set forth in the Settlement Agreement, to all eligible Settlement Class Members entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, CAFA and all other applicable laws and rules.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement as fair, reasonable and adequate, and in the best interests of the Settlement Class Members. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

5. The Customer Class Action and any claims of the Customer Representative Plaintiffs and the Settlement Class Members, including the Released Customer Claims, are dismissed on the merits as to the Released Defendants and the Trustee Releasees, excluding however any Allowed Claims pending in the Bankruptcy Court, without costs, and with prejudice.

6. The releases and other provisions as set forth in Paragraphs 17-20 of the Settlement Agreement (the "Releases"), together with the definitions contained in the Settlement Agreement of the defined terms used in Paragraphs 17-20, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date, the Customer Representative Plaintiffs and each and every Settlement Class Member (exclusive of the persons and entities as listed on Exhibit A-1 annexed

hereto who submitted timely and valid exclusion requests that have not been withdrawn) and each of their respective predecessors, successors, (including any trustee in bankruptcy), successors-in-interest, affiliates, assigns, purchasers or other transferees, attorneys, agents, heirs, representatives, administrators, executors, devisees, legatees, and estates, shall be deemed by operation of law to have, and by operation of this Final Judgment and Order shall have, released, waived, discharged, and dismissed each and every Released Customer Claim against each and every Released Defendant and shall forever be enjoined from commencing or prosecuting in any forum any or all of the Released Customer Claims against each and every Released Defendant. Further, this Court orders that, as of the Effective Date, the Trustee Releasees, their affiliates, and their respective predecessors, successors (including any trustee in bankruptcy), successors-in-interest, assigns and agents, each on behalf of itself and any other Person claiming under or through it, shall be deemed by operation of law to have, and by operation of the Final Judgment and Order shall have, released, waived, discharged, and dismissed each and every Released Trustee Claim against each and every Released Defendant, and shall forever be enjoined from commencing or prosecuting in any forum any or all of the Released Trustee Claims against each and every Released Defendant. Further, upon the Effective Date, the Released Defendants, each on behalf of itself and any other Person claiming under or through it, shall be deemed by operation of law to have released, waived and discharged the Trustee Releasees from and in respect to all Claims, including Unknown Claims (and including, without limitation, any administrative expense claims pursuant to 11 U.S.C. § 503, and any customer claim pursuant to 15 U.S.C. § 78fff-2(a)(2)), which the Released Defendants may have ever had, may now have or hereafter can, shall or may have against the Trustee Releasees for, upon or by reason of any matter, cause or thing whatsoever from the beginning of time to the date of this Agreement

arising out of, related to, or in connection with PFG or its affiliates, including but not limited to the institution, prosecution, administration, settlement or resolution of the Bankruptcy Case, except that the foregoing release, waiver and discharge shall not release, waive or discharge the right of U.S. Bank to enforce this Agreement. Notwithstanding the foregoing, nothing herein shall be construed to release, waive or discharge U.S. Bank's right to pursue its allowed general unsecured claim in the Bankruptcy Case, as set forth in paragraph 12.f. of the Settlement Agreement, and U.S. Bank shall be entitled to participate in any distributions of assets that may be made at the priority level assigned to this allowed claim.

7. Upon the Effective Date, the Released Defendants shall be deemed by operation of law to have fully, finally, and forever released, relinquished and discharged each and all of the Customer Representative Plaintiffs, other Settlement Class Members, Co-Lead Counsel and the Executive Committee from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Customer Class Action or the Released Plaintiffs' Claims.

8. Notwithstanding paragraphs 5-7 above, nothing in this Final Judgment and Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement or this Judgment.

9. To the fullest extent permitted by law, all Persons including any Person who is, was ever, or could have been named as a defendant in the Customer Class Action, shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution or indemnification, however styled, against each and every of the Released Defendants for any costs, liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Trustee, the Estate, the

Settlement Class or any member of the Settlement Class, arising out of, relating to, or in connection with, in any way or manner, the Released Plaintiffs' Claims or any claim that has been or could have been or could be in the future asserted in the Bankruptcy Case or the Customer Class Action, whether arising under federal, state or foreign law as Claims, cross-claims, counterclaims, third-party claims or otherwise, in the Bankruptcy Court, the District Court, or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum ("Contribution Claims"), except that this provision shall not apply as among the Released Defendants, and all Released Defendants shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any Contribution Claims against any person or entity barred from seeking contribution pursuant to this paragraph 9 ("Barred Defendant Person"). Any monetary award or judgment obtained by the Trustee (or any Person claiming through him or the Estate or to whom or which such claim is assigned), the Customer Representative Plaintiffs, or one or more of the Settlement Class Members, from or against any Barred Defendant Person, for which contribution or common law indemnification is available from any Released Defendants, shall be reduced by the lowest amount necessary under applicable law to effect a complete bar against contribution or common law indemnity claims, however styled, against all Released Defendants.

10. Neither this Judgment nor the Settlement (including the Settlement Agreement or any of its terms, or any aspect of any of the negotiations, discussions and proceedings in connection with the negotiation of or efforts to consummate the Settlement) shall: (a) be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to

enforce the terms of this Judgment or the Settlement; (b) be described as, construed as, interpreted as or offered against any Party as evidence of and/or deemed to be evidence of any presumption, concession or admission as to any liability, negligence, fault, or wrongdoing on their part or validate any claim by any Party or the merits of any of their defenses; or (c) be described as, construed as, interpreted as or offered against any Party or any Settlement Class Member as evidence of any infirmity in the claims of any Party or the Settlement Class, or as evidence that the damages recoverable from any Party would not have exceeded the Settlement Amount.

11. The Released Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to the Customer Representative Plaintiffs, Settlement Class, Co-Lead Counsel or the Trustee in connection with such administration.

12. Separate orders shall be entered regarding approval of the Plan of Allocation and any application for the Customer Representative Plaintiffs Attorneys' Fees Payment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13. The Court finds that during the course of the Customer Class Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. The Court finds that, in entering into the Settlement, the Customer Plaintiffs and the Trustee and their attorneys have acted pursuant to their respective obligations and in accordance with the terms of the Continuing Cooperation and Assignment Agreement ("the Agreement") approved by the Bankruptcy Court on January 8, 2014; and upon consummation of the Settlement substantially in accordance with its terms and the orders of this Court, the

Customer Plaintiffs and the Trustee shall have fully performed their obligations thereunder, and none of the Customer Plaintiffs or their counsel, or the Trustee or his counsel, shall have any liability to any party for entering into the Settlement, or for acts done in furtherance of their obligations under the Settlement, the Agreement or other orders of this Court.

15. In the event that this Judgment is modified or reversed on appeal to the extent that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement terminates according to its provisions, or the Settlement Fund, or any portion thereof, is returned to U.S. Bank, or this Judgment does not become Final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, and the Parties will be deemed to have reverted to their respective status as of the date and time immediately before May 15, 2015, except that: (i) any modifications, reductions or reversal of any Customer Representative Plaintiffs Attorneys' Fees Payment on appeal or in any further motion in this Court shall in no way disturb or affect any part of this Judgment and (ii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any part of this Judgment.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

17. Without affecting the finality of this Final Judgment and Order in any way, the Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution from the Settlement Fund; (ii) disposition of the Settlement Fund; and (iii) all Parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement.

18. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this 13th day of October, 2015.

_____
The Honorable Sara L. Ellis
United States District Judge